NOT DESIGNATED FOR PUBLICATION

No. 113,428

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH D. LEEK,
*Appellant*,

v.

KEVIN BOSCH, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed October 30, 2015. Affirmed.

*Kenneth D. Leek*, appellant pro se.

*Michael J. Smith*, of Kansas Department of Corrections, of El Dorado Correctional Facility, for appellees.

Before LEBEN, P.J., GREEN, J., and JEFFREY GOERING, District Judge, assigned.

*Per Curiam*:  Kenneth D. Leek appeals the trial court's summary dismissal of his K.S.A. 60-1501 petition. In his pro se brief, Leek argues that the trial court erred when it summarily dismissed his petition because his due process rights were violated during his prison disciplinary proceeding. For reasons discussed below, however, the trial court's summary dismissal of Leek's K.S.A. 60-1501 petition was proper. Accordingly, we affirm.

As of November 10, 2013, Leek had occupied the same single-man prison cell at the Lansing Correctional Facility (LCF) for over 4 months. On November 10, 2013, Corrections Officers Gift and Ibarra conducted a search of Leek's cell. During the search, Officer Gift found 3 homemade knives, 2 envelopes (one containing 15.9 grams of a "green leafy substance"), a razor blade, and an altered MP3 charger.

The same day of the search, Officer Gift completed a disciplinary report documenting that three knives, 15.9 grams of a "green leafy substance," a razor blade, and an altered MP3 charger were seized from Leek's cell. The disciplinary report also stated that the Kansas Department of Corrections (KDOC) was charging Leek with two counts of "dangerous contraband" under K.A.R. 44-12-901 and one count of "violation of statutes" under K.A.R. 44-12-1001 for trafficking contraband inside the prison in violation of K.S.A. 2014 Supp. 21-5914. Although Leek refused to sign the disciplinary report, Officer Gift gave him a copy of the disciplinary report.

On November 19, 2013, Leek received a summons to appear at his disciplinary hearing. Leek's original disciplinary hearing was to have taken place on November 21, 2013. Although the record on appeal does not contain any continuances issued by the KDOC, Leek's disciplinary hearing was evidently continued until December 27, 2013.

At the disciplinary hearing, Leek entered a written response to the disciplinary report. In this written response, Leek asserted that the hearing officer must dismiss the charges against him because: (1) the disciplinary hearing was held more than 7 days after he received service of notice of his charges in violation of K.A.R. 44-13-401(a); (2) there was no proof that the corrections officer maintained the proper chain of custody regarding the items confiscated from his cell; and (3) the disciplinary report did not put him on notice of the composition of the "green leafy substance." The hearing officer rejected those arguments because Leek was not prejudiced by any technical violation of

2

K.A.R. 44-13-401(a), the evidence in his case was properly tagged and secured, and tests confirmed that the "green leafy substance" was synthetic cannabinoid compounds.

After addressing Leek's written response, the hearing officer allowed Leek to view photos of the evidence seized from his cell. Then, Officer Gift testified about Leek's disciplinary report, which was read into the record. Leek had the opportunity to cross examine Officer Gift, but the only question Leek asked Officer Gift was why Officer Gift took his MP3 charger. Moreover, Leek had the opportunity to call witnesses and present evidence in his defense, but Leek did not take advantage of the opportunity offered. Before ruling, the hearing officer asked Leek how long he had occupied the single-man prison cell. Leek responded that he had occupied the cell for 4 or 5 months. Furthermore, the hearing officer asked Leek if the confiscated contraband belonged to him. Leek responded that he did not "know what anybody [was] talking about."

Based on this evidence, the hearing officer found Leek guilty of both counts of possession of "dangerous contraband" in violation of K.A.R. 44-12-901. As punishment for both counts, Leek received a total penalty of 60 days disciplinary segregation, a $40 fine, and 120 days of restricted privileges. The charge of "violation of statutes" under K.A.R. 44-12-1001 was dismissed.

Leek appealed the hearing officer's decision to the Secretary of Corrections. The Secretary approved the hearing officer's decision because the hearing officer had substantially complied with departmental standards and procedures. The Secretary also found that there was some evidence to support the hearing officer's decision.

Next, Leek filed a Petition for Writ of Habeas Corpus under K.S.A. 60-1501 with the Leavenworth County trial court alleging that his due process rights had been violated because: (1) the hearing officer did not dismiss his case even though his hearing was held more than 7 working days after he received service of notice of his charges in violation of

3

K.A.R. 44-13-401(a); (2) the hearing officer refused to show him that the corrections officers maintained the proper chain of custody regarding the items confiscated from his cell; (3) the disciplinary report failed to put him on notice of all of his charges because it stated that he possessed a "green leafy substance" not synthetic cannabinoid compounds; and (4) the hearing officer did not prepare a hearing record that was complete and accurate.

While Leek's K.S.A. 60-1501 petition was pending, Leek was transferred from the LCF to the El Dorado Correctional Facility. As a result, Leek's K.S.A. 60-1501 petition was transferred from Leavenworth County District Court to Butler County District Court. The Butler County trial court summarily dismissed Leek's K.S.A. 60-1501 petition based on the following findings:

> "Some evidence supports the convictions. That is all that is required. A discrepancy in following an administrative rule concerning a hearing in 7 days does not rise to a constitutional magnitude. If anything it would benefit [the] petitioner to have additional time to prepare for the hearing.
> "Further, discrepancies in the chain of custody of some seized items affect only the weight of the evidence, not admissibility. The court will not reweigh the evidence or substitute its opinion for that of the hearing officer.
> "Petitioner's objection to not receiving advance notice of testing of the marijuana is not prejudicial or relevant. There were numerous other items of contraband found to support the convictions. Any error was harmless."

*Did the Trial Court Err When It Summarily Dismissed Leek's K.S.A. 60-1501 Petition?*

On appeal, Leek argues that the trial court erred when it summarily dismissed his K.S.A. 60-1501 petition. When reviewing the summary dismissal of a K.S.A. 60-1501 petition, an appellate court must accept the facts alleged by the petitioner in his or her petition as true. *Washington v. Roberts*, 37 Kan App. 2d 237, 240, 152 P.3d 660 (2007).

4

If those alleged facts support the petitioner's claims under any theory, an appellate court must find that the trial court erred in summarily dismissing the K.S.A. 60-1501 petition. *Washington*, 37 Kan. App. 2d at 240. Nevertheless, the trial court's summary dismissal was proper if "on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). This court exercises unlimited review over the trial court's summary dismissal of a K.S.A. 60-1501 petition. *Johnson*, 289 Kan. at 649.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. In Leek's K.S.A. 60-1501 petition, Leek argues that his due process rights were violated during his prison disciplinary proceeding. To evaluate Leek's due process arguments, this court must apply a two-step analysis. In *Washington*, this court outlined the two-step analysis as follows:

> "The first step is to determine whether the State has deprived the inmate of life, liberty, or property. If there has been a deprivation of life, liberty, or property due to State action, the second step is to determine the extent and nature of the process due." 37 Kan. App. 2d at 240.

Under the first step of the analysis, it is clear that the disciplinary proceeding implicated a property interest because Leek was fined $40 as part of his penalty. Thus, the State's imposition of Leek's $40 fine implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See *Washington*, 37 Kan. App. at 240 ("[T]he extraction of a fine implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution even when only a small amount has been taken from an inmate's account.").

5

Accordingly, this court must proceed by evaluating Leek's due process arguments under the second step of the analysis. Under this second step, a prisoner in a disciplinary proceeding is not due "the full panoply of rights due a defendant in [criminal] proceedings." *Hogue v. Bruce*, 279 Kan. 848, 851, 113 P.3d 234 (2005) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]). Instead, a prisoner in a disciplinary proceeding has very limited rights, which include "an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence." *In re Pierpoint*, 271 Kan. 620, Syl. ¶ 6, 24 P.3d 128 (2001). Furthermore, the due process requirements of a prison disciplinary proceeding are satisfied as long as some evidence supports the hearing officer's decision. *Sammons v. Simmons*, 267 Kan. 155, 159, 976 P.2d 505 (1999).

On appeal, Leek argues that his due process rights were violated in four ways. First, Leek argues that his due process rights were violated when the hearing officer refused to dismiss the charges against him. Leek contends that the hearing officer was required to dismiss all charges against him because his hearing was held more than 7 days after he received service of notice of the charges against him in violation of K.A.R. 44-13-401(a). Second, Leek argues that his due process rights were violated when the hearing officer refused to provide him with evidence proving that the proper chain of custody was maintained. Third, Leek argues that his due process rights were violated because his disciplinary report failed to apprise him of all the charges against him so he could prepare a defense. Leek asserts that he could not prepare a defense against the synthetic cannabinoid compounds "dangerous contraband" charge because his disciplinary report stated that a "green leafy substance," not synthetic cannabinoid compounds, was confiscated from his prison cell. Fourth, Leek argues that his due process rights were violated because the hearing officer failed to create a complete and accurate hearing record.

*Was Leek's Right To Due Process Violated When the Hearing Officer Refused to Dismiss the Charges Against Him?*

Leek argues that the hearing officer was required to dismiss all the charges against him because his disciplinary hearing was not held within the time limits established under K.A.R. 44-13-401(a). Leek further argues that the hearing officer's refusal to dismiss the charges violated his right to due process. Nevertheless, Leek's argument fails because although Leek establishes that the KDOC failed to follow its own administrative regulation, Leek cannot establish that this constituted a constitutional violation.

Under K.A.R. 44-13-401(a),

> "the administrative hearing by a hearing officer of the facility to determine the inmate's guilt or innocence and impose a penalty in the event of a finding of guilt shall be held not less than 24 hours or more than seven working days after the service of notice of charge on the inmate, subject to authorized continuances."

In this case, Officer Gift served notice of the charges on Leek on November 10, 2013. Yet, Leek's disciplinary hearing was originally scheduled to be held on November 21, 2013. Between November 10, 2013, and November 21, 2013, 8 working days passed. Thus, the KDOC failed to follow K.A.R. 44-13-401(a) because Leek's disciplinary hearing was originally scheduled to be heard more than 7 working days after he received notice of the charges. Leek argues that the hearing officer's refusal to dismiss all of the charges against him despite this violation of K.A.R. 44-13-401(a) violated his due process rights.

Nevertheless, the KDOC's failure to follow its own procedures does not automatically create a constitutional violation. In *Anderson v. McKune*, 23 Kan. App. 2d 803, 811, 937 P.2d 16 (1997), Anderson argued that his due process rights were violated

7

when prison officials failed to follow certain procedural rules at his prison disciplinary hearing. This court rejected Anderson's argument, holding:

> "The mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail. As a general rule, prison officials are given flexibility in executing internal prison policies and procedures which are designed to preserve internal order and discipline." *Anderson*, 23 Kan. App. 2d at 811.

Here, without explaining how the KDOC's procedural error harmed him, Leek asserts that the KDOC violated his right to due process when the KDOC failed to follow K.A.R. 44-13-401(a). The only step Leek has taken to support his argument is to cite the case *Wheeler v. McKune*, No. 72,417, unpublished opinion filed July 14, 1995, where this court upheld the trial court's finding that the KDOC's failure to follow K.A.R. 44-13-401 (1993 Supp.) required the dismissal of Wheeler's administrative charges. While Leek cites *Wheeler*, Leek never explains why this court should follow the unpublished *Wheeler* opinion. In essence, Leek asks this court to find that the KDOC violated his due process rights because the KDOC failed to follow its administrative regulation, not because he suffered any prejudice because of the KDOC's failure to follow its own regulation.

To succeed on appeal, Leek must show this court that the KDOC's failure to comply with K.A.R. 44-13-401(a) harmed him. On appeal, however, Leek does not argue that he was harmed by the KDOC's failure to comply with K.A.R. 44-13-401(a). As a result, Leek's argument that his due process rights were violated necessarily fails.

Moreover, it is readily apparent that the 1-day delay did not harm Leek. How could Leek have been harmed by having his prison disciplinary hearing scheduled 8 working days after he received notice of the charges versus 7 working days after he

8

received notice of the charges as required under K.A.R. 44-13-401(a)? As the trial court noted in its order dismissing Leek's K.S.A. 60-1501 petition, the extra time was likely beneficial. Consequently, Leek's argument also fails because the KDOC's failure to follow its own procedural regulation could not have caused prejudice.

Finally, in making this argument, Leek alleges that the hearing officer violated his right to equal protection under the law. In the record on appeal, Leek includes the disciplinary hearing notes of another inmate, Joseph Watkins. According to Watkins' disciplinary hearing notes, the KDOC dismissed his charges because Watkins' disciplinary hearing was held outside the time limits established under K.A.R. 44-13-401(a). Although the notes of Leek's disciplinary hearing do not reflect this, in his brief, Leek asserts that he told the hearing officer that Watkins' charges had been dismissed when the KDOC failed to comply with K.A.R. 44-13-401(a). Leek argues that the hearing officer violated his right to equal protection by intentionally treating him less favorably than a similarly situated individual without a rational basis. Thus, it seems that Leek is making a "class of one" equal protection argument. See *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

To successfully make a class of one equal protection argument, Leek must prove that the hearing officer had no legitimate motive for the disparate treatment. *Olech*, 528 U.S. at 564. Nevertheless, in his brief, Leek simply states that there was "no rational basis for the difference in treatment." Leek does not address the underlying facts of his case or Watkins' case. Thus, Leek never compares his case to Watkins' case. Leek also fails to address the fact that the hearing officer specifically stated that he would not dismiss Leek's case, despite the technical violation of K.A.R. 44-13-401(a), because Leek was not prejudiced by this error. Without more information, this court cannot determine whether the hearing officer had no legitimate reason for refusing to dismiss Leek's charges. Accordingly, Leek's class of one equal protection argument fails because Leek failed to prove that the hearing officer had no legitimate motive for the disparate treatment.

*Was Leek's Right to Due Process Violated When the Hearing Officer Refused to Provide Him With Evidence Proving That the Proper Chain of Custody Was Maintained?*

Leek argues that his due process rights were violated because the hearing officer refused to show him documentation that the corrections officers, who confiscated the six items of "dangerous contraband" from his cell, maintained the proper chain of custody. In his brief, Leek asserts that his property and another inmate's property were "mixed-up" following the cell search. Thus, it seems that Leek questions the validity of the chain of custody because his personal property and another inmate's personal property were mixed-up following the search.

Nevertheless, Leek's argument challenging the chain of custody raises an evidentiary question not a constitutional question. In *Anderson v. Shelton*, No. 107,082, 2012 WL 3822979, at \*4 (Kan. App. 2012) (unpublished opinion), this court rejected Anderson's argument that his due process rights were violated because prison officials had not properly maintained the chain of custody while handling evidence used in his disciplinary hearing. The *Anderson* court held that a petitioner's chain of custody challenge "raises only an evidentiary question for resolution in the fact-finding process, not a constitutional issue." 2012 WL 3822979, at \*4 (citing *Thompson v. Owens*, 889 F.2d 500, 502 [3d Cir. 1989] and *Higgs v. Easterling*, 2012 WL 692610, at \*6 [W. D. Ky.2012]). As in *Anderson*, Leek's chain of custody challenge raises an evidentiary issue not a constitutional issue. Consequently, Leek's argument that his due process rights were violated because the hearing officer refused to provide him with evidence proving the proper chain of custody was maintained fails.

As a final note, it is also worth mentioning that nothing in the record outside of Leek's own allegation supports that the corrections officers mixed up his personal property with another inmate's personal property. Moreover, although Leek asserts that Judge Richard Greene's dissent in *Swafford v. McKune*, 46 Kan. App. 2d 325, 332-37,

263 P.3d 791 (2011), *rev. denied* 294 Kan. 948 (2012), supports his argument, it does not. In his brief, Leek wrongly implies that the *Swafford* case dealt with the issue of chain of custody. In *Swafford*, however, this court considered whether due process required that "security videos be made available to inmates who are the subjects of prison disciplinary proceedings." 46 Kan. App. 2d 331. Neither the *Swafford* majority nor Judge Greene's dissent addressed an inmate's right to review KDOC chain of custody procedures. Thus, Judge Greene's dissent does not support Leek's argument.

*Was Leek's Right to Due Process Violated Because His Disciplinary Report Failed to Apprise Him of the Charges Against Him So He Could Prepare a Defense?*

Next, Leek argues that he was unable to prepare an adequate defense against the synthetic cannabinoid compounds "dangerous contraband" charge. Leek argues that he first learned that the "green leafy substance" listed as contraband in his disciplinary report was synthetic cannabinoid compounds at his disciplinary hearing. Essentially, Leek maintains that the KDOC did not give him enough notice to formulate an adequate defense against this charge because he learned that the "green leafy substance" was in fact synthetic cannabinoid compounds, which constitutes "dangerous contraband," at his disciplinary hearing.

Yet, Leek was aware that the "green leafy substance" was confiscated as "dangerous contraband." Thus, Leek knew he was not supposed to possess this item and knew he needed to come up with a defense as to why he was found in possession of the "green leafy substance." Common sense also dictates that Leek knew the "green leafy substance" was some form of cannabis. Moreover, it is unclear what Officer Gift should have written on Leek's disciplinary report as an alternative to "green leafy substance." The substance in the envelope had not been tested when Officer Gift wrote the report; thus, Officer Gift would not have known specific information regarding the composition

11

of the "green leafy substance." Nonetheless, Officer Gift still had a duty to let Leek know that he was facing discipline because of the confiscated "green leafy substance."

More importantly, even if Leek's right to due process was violated because the term "green leafy substance" did not adequately apprise him of the charge against him, this error was harmless. The denial of a constitutional right "may be deemed harmless if we can declare beyond a reasonable doubt that the error had little, if any, likelihood of changing the outcome of [the inmate's] disciplinary hearing." *Sauls v. McKune*, 45 Kan. App. 2d 915, 921, 260 P.3d 95 (2011) (citing *State v. Laturner*, 289 Kan. 727, 753, 218 P.3d 23 [2009]).

Under K.A.R. 44-12-901(a), "dangerous contraband" is

"[a]ny item, or any ingredient or part of or instructions on the creation of an item, that is inherently capable of causing damage or injury to persons or property, or is capable or likely to produce or precipitate dangerous situations or conflict, and that is not issued by the department of corrections or the facilities, sold through the canteen, or specifically authorized or permitted by order of the secretary of corrections or warden for use or possession in designated areas of the facility."

Moreover, "any item that can be the basis for a charge of felony for its possession under the laws of Kansas or the United States" also constitutes "dangerous contraband." K.A.R. 44-12-901(b)

In Leek's disciplinary report, Officer Gift stated that he confiscated six items which constitute "dangerous contraband" under K.A.R. 44-12-901: 3 homemade knives, a razor blade, an altered MP3 charger, and the envelopes containing the "green leafy substance." Yet, the KDOC only charged Leek with two counts of "dangerous contraband" in violation of K.A.R. 44-12-901. Thus, Officer Gift seized more items constituting "dangerous contraband" from Leek's cell than the KDOC charged Leek with

12

possessing. Consequently, any error regarding the synthetic cannabinoid compounds was harmless because even without the synthetic cannabinoid compound evidence, there was some evidence to support Leek's conviction of the two counts of "dangerous contraband" in violation of K.A.R. 44-12-901 given that Leek possessed 5 other items constituting "dangerous contraband."

Finally, in making this argument, Leek asserts that he "had the right to see the test results to make certain all was as it should be and that proper procedures were followed." Nevertheless, Leek never requested to see the test results. In his written response submitted at the disciplinary hearing, Leek asserted that he had never seen any test results and therefore did not know the composition of the "green leafy substance." Yet, in his written response, Leek never requested to see the test results. Furthermore, Leek never requested to see the test results at his disciplinary hearing. Because Leek never asked the hearing officer if he could examine the synthetic cannabinoid compounds results, he cannot argue that the hearing officer violated his due process rights by failing to show him the test results.

*Was Leek's Right to Due Process Violated When the Hearing Officer Failed to Create a Complete and Accurate Hearing Record.?*

As previously detailed, in Leek's disciplinary report, the KDOC charged Leek with two counts of "dangerous contraband" under K.A.R. 44-12-901 and one count of "violation of statutes" under K.A.R. 44-12-1001 for trafficking contraband in a correctional facility in violation of K.S.A. 2014 Supp. 21-5914. At Leek's disciplinary hearing, the hearing officer dismissed the K.A.R. 44-12-1001 "violation of statutes" charge stating, "[a]fter administrative review of this case it was determined that the violation of [the statute charge] is being dismissed."

13

In Leek's final argument, Leek asserts that the hearing record is constitutionally inadequate because the hearing officer failed to create a complete and accurate hearing record. Leek takes issue with the fact that the hearing officer dismissed the K.A.R. 44-12-1001 "violation of statutes" charge without a detailed explanation. Leek asserts that the hearing record is incomplete because he does not know "what items were associated with [this] charge." Leek states that "[i]t was never explained to him what items were classified as dangerous contraband and which were a violation of statutes." [*sic*] Nonetheless, Leek's argument is flawed.

First, Leek's argument is centered on his incorrect belief that some items of confiscated contraband only supported his K.A.R. 44-12-901 "dangerous contraband" charges and some items of confiscated contraband only supported his K.A.R. 44-12-1001 "violation of the statute" charge. It seems that Leek does not understand that all 6 of the confiscated items could be used to support both his "dangerous contraband" charges and his "violation of the statute" charge.

Under K.A.R. 44-12-1001, when an inmate violates a state or federal statute, and the KDOC does not already have an administrative rule regarding this violation, an inmate can be charged for "violation of statutes." In this case, Leek was charged with violating K.A.R. 44-12-1001 because Leek had violated K.S.A. 2014 Supp. 21-5914, "traffic in contraband in a correctional institution or care and treatment facility." Trafficking contraband and possessing dangerous contraband are separate violations of the KDOC regulations. This means that the items seized as contraband from Leek's cell could be used to support his conviction of both trafficking contraband and possessing dangerous contraband. Consequently, when Leek argues that his due process rights were violated by the hearing officer's failure to explain "what items were associated with [each] charge," he has misunderstood that the dismissal of the K.A.R. 44-12-1001 "violation of the statute" charge had no impact on the evidence that could be used to support his convictions of K.A.R. 44-12-901 "dangerous contraband." Accordingly,

14

Leek's argument fails because he has alleged that the hearing officer created a constitutionally deficient record based on his misunderstanding of the law.

Moreover, even if Leek had a valid argument, the hearing record substantially complies with K.A.R. 44-13-502a, which outlines the information that a hearing officer must include in the hearing record. K.A.R. 44-13-502a does not contain a provision requiring a hearing officer to include a detailed explanation of why that hearing officer dismissed a charge at the hearing. Although Leek might want more information why the hearing officer dismissed the "violation of statutes" charge, his desire for more information has no effect on the validity of the hearing officer's finding that Leek was guilty of two counts of "dangerous contraband" in violation of K.A.R. 44-12-901. Consequently, Leek's due process rights were not violated because the hearing record is not constitutionally inadequate.

Although Leek has asserted that his due process rights were violated during the prison disciplinary process, none of his arguments have merit. As previously detailed, all that is constitutionally required is that some evidence supports the hearing officer's decision. See *Sammons*, 267 Kan. at 159. In this case, Officer Gift's testimony and the disciplinary report supported that 6 items, which constitute "dangerous contraband" under K.A.R. 44-12-901, were confiscated from Leek's single-man cell. Thus, there was some evidence to support that Leek was guilty of two counts of "dangerous contraband" under K.A.R. 44-12-901. As a result, we affirm the trial court's summary dismissal of Leek's K.S.A. 60-1501 petition.

Affirmed.

15