NOT DESIGNATED FOR PUBLICATION

No. 115,712

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDWARD SPEAR, III,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 2, 2016.
Affirmed in part and reversed in part.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Fred W. Phelps, Jr.*, legal counsel, of Kansas Department of Corrections, of Topeka, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Inmate Edward Spear, III, is appealing the district court's denial of his petition for writ of habeas corpus. Spear was found guilty of taking without permission and unauthorized dealing and trading after taking several free catalogs off of a desk and sliding them under other prisoners' cell doors. There is no evidence that Spear took without permission, but there is some evidence that he engaged in unauthorized dealing and trading. Spear makes an alternate argument that the hearing officer violated his due process rights by refusing to let Spear call a witness or present evidence. This was a harmless error. The decision of the district court is affirmed in part and reversed in part.

1

FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2015, Spear was cited for taking without permission in violation of K.A.R. 44-12-204 and unauthorized dealing and trading in violation of K.A.R. 44-12-205. The disciplinary report states that a prison guard placed 10 to 15 copies of a Union Supply catalog on a counter. Spear grabbed about half of the catalogs and began "distributing them under various cell doors." After this, a guard told Spear that inmates were only allowed to have one catalog. A report was served on Spear, and he pled not guilty.

A hearing occurred on November 6, 2015. Spear testified that the guards told him he could take the catalog off of the desk, but that no one told him that he could put the catalog under other offenders' doors. A guard testified that he saw Spear walking away from the desk with the catalogs. When Spear asked the guard why he did not stop Spear when he saw him walking away with the catalogs, the guard said, "I didn't know what you were going to do with them. Had you taken the catalogs and placed them on a dayroom table, we wouldn't be talking now and you wouldn't have a [disciplinary report]." When the guard saw that Spear was distributing the catalogs to other inmates, the guard "called [Spear] back and told [him] that [he] could only have 1" catalog. The guard conceded that, before Spear took the catalogs, no one had told Spear that he could only have one catalog. However, the guard said that he believed "common sense would dictate that the spirit of the issue is that the catalogs are for all of the offenders and not just 1 offender." The guard also testified that there was nothing specific in the rules that dictates that Spear could not pick up the catalogs, but there was a prohibition against distributing the catalogs to other inmates. Another guard testified that the catalogs were put on the desk for the offenders to take but "[n]ot for 1 offender to take a whole pile & pass them out." The hearing officer found Spear guilty of taking without permission because he was not told to pick the items up off of the officer's desk. The hearing officer

also found Spear guilty of "dealing & trading as he was throwing items under other offenders' cell doors." Spear was fined $5 for each violation.

Spear appealed to the Butler County District Court. That district court dismissed his case in March 2016. It held that "[t]here was 'some evidence' that catalogs were placed on [a] desk for all inmates' benefit and that inmates were not allowed to have them in cells. Sufficient evidence was produced that petitioner threw several copies under cell doors. Petitioner's arguments are not persuasive."

Spear timely appeals.

### DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING SPEAR'S PETITION FOR WRIT OF HABEAS CORPUS?

On appeal, Spear makes two alternative arguments. First, he argues that the district court erred in summarily dismissing his petition for writ of habeas corpus and requests that the case be remanded. Second, Spear argues that his due process rights were violated when the hearing officer prevented Spear from calling witnesses or presenting documentary evidence. The State's response is that the hearing officer gave good reasons for preventing Spear from calling witnesses or presenting evidence—the witnesses and evidence were irrelevant. Analyzing this issue is complicated by the fact that the hearing officer's evidentiary rulings were not made on the record. The only information regarding the witnesses and evidence are in Spear's petition for writ of habeas corpus.

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). However, even if a petitioner alleges the deprivation of a constitutional right, K.S.A. 2015 Supp. 60-1503(a) requires summary dismissal "[i]f it plainly appears from the face

3

of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief." "In determining if this standard is met, courts must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). An appellate court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

Spear argues that his due process rights were violated because the hearing officer did not permit Spear to call a witness or present documentary evidence and did not provide a reason for the denial. Determining whether due process has been afforded presents a question of law over which an appellate court has unlimited review. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007). Courts perform a two-step analysis to determine whether a due process claim is stated. 37 Kan. App. 2d at 240. First, courts determine whether the State has deprived the petitioner of life, liberty, or property. 37 Kan. App. 2d at 240. Spear was charged $5 for each of his offenses. "The extraction of a fine does implicate the Due Process Clause even when . . . the State has taken only a small amount from an inmate's prison account." *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *cert denied* 522 U.S. 958 (1997). Thus, Spear has sufficiently alleged a violation of his constitutional right and is entitled to due process. The second step of the analysis is determining "the extent and the nature of the process due." *Johnson*, 289 Kan. at 649.

The United States Supreme Court has stated that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). K.A.R. 44-13-101(c) also states that inmates are entitled to call witnesses and present documentary evidence subject to certain limitations. K.A.R. 44-13-307 contains limitations on the right to call witnesses—a hearing officer can deny a request to present witnesses if their testimony is clearly irrelevant or repetitious. However, this

4

denial must be "documented, including the reason or reasons for the denial, either on the request form or in the disciplinary case record." K.A.R. 44-13-307(c).

The record shows that Spear made a request for a witness—Unit Team Manager Perkins. Spear's request stated that Perkins would testify that "the charges were without foundation." The record does not give a reason why Spear's request was denied. Spear's petition for writ of habeas corpus provides more information. In the petition, Spear says that his request was denied because the hearing officer thought Perkins' testimony would be irrelevant. Spear also says that he tried to introduce the Union Supply catalog as documentary evidence, but his request was denied for irrelevancy on this as well.

As Spear states in his brief "the record created by the hearing officer does not even reference the requested witnesses nor the reason for the denial of such." This is a violation of K.A.R. 44-13-307(c), which requires documentation of witness request denials. In *Ponte v. Real*, 471 U.S. 491, 105 S. Ct. 2192, 85 L. Ed. 2d 553 (1985), the United States Supreme Court explained why prison officials should state a reason for denying a prisoner's witness request:

> "[T]o hold that the Due Process Clause confers a circumscribed right on the inmate to call witnesses at a disciplinary hearing, and then conclude that no explanation need ever be vouched for the denial of that right, either in the disciplinary proceeding itself or if that proceeding be later challenged in court, would change an admittedly circumscribed right into a privilege conferred in the unreviewable discretion of the disciplinary board." 471 U.S. at 498.

Kansas courts have also recognized that prison officials must provide a rationale for denying inmates' witness requests. See *Washington*, 37 Kan. App. 2d at 245 ("Hearing officers should state the reasons for their rulings."); *Shepherd v. Davies*, 14 Kan. App. 2d 333, 337, 789 P.2d 1190 (1990) ("No rationale was ever provided by prison officials for their decision to deny Shepherd his requested witness. Although counsel for respondents

has advanced some possible reasons for the prison officials' decision, such post-hoc hypothesizing does not allow this court to determine whether the prison officials' decision was actually based on these reasons or purely arbitrary."); *Leek v. Simmons*, No. 99,184, 2008 WL 2796477, at *3 (Kan. App. 2008) (unpublished opinion) ("[I]f prison officials refuse an inmate's request to call witnesses, the officials must provide a reason for this refusal. Further, the explanation for the refusal to call witnesses must be made part of the administrative record of the disciplinary proceeding or must be made through testimony presented in court when the decision is challenged.").

The caselaw and K.A.R. 44-13-307(c) make it clear that when a hearing officer denies an inmate's request to present a witness the hearing officer must document the reason. The hearing officer did not document a reason in this case. Thus, Spear's constitutional rights were violated and the district court erred by summarily dismissing Spear's petition for writ of habeas corpus. However, the case does not need to be remanded if the error was harmless. The constitutional harmless error analysis deems an error harmless where "the party benefitting from the error proves beyond a reasonable doubt that the error will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, when there is no reasonable possibility the error contributed to the verdict." *State v. Santos-Vega*, 299 Kan. 11, 24, 321 P.3d 1 (2014).

There are two reasons why the error is harmless in this case. First, although the hearing officer did not follow the regulatory procedure of recording the reason for denying Spear's request, the reason (irrelevancy) was communicated to Spear. Spear stipulates to this in his petition for writ of habeas corpus. Second, neither party is disputing the facts. The State, in its brief, "acknowledge[d] the essential correctness of appellant's statement of the facts for purposes of this appeal." They only dispute how the Kansas Administrative Regulations apply to the facts. Spear wanted the catalogs he took produced as evidence. But, production of the catalogs would not change anything about the facts or how the law applies to them. Similarly, Spear wanted to call Unit Team

6

Manager Perkins to testify that "the charges were without foundation." However, determining whether the charges have a foundation is a job for the hearing officer. The guards that witnessed Spear's actions had already testified, and Spear did not disagree with the facts. Thus, the hearing officer was correct when he told Spear that the testimony would be irrelevant.

Under K.S.A. 2015 Supp. 60-1503(a) the district court should have issued a writ and directed the hearing officer to file an answer explaining why Spear's requests were denied. However, the district court's error is harmless so the case should not be remanded.

## WAS THERE "SOME EVIDENCE" TO SUPPORT THE HEARING OFFICER'S DECISION?

Alternatively, Spear argues that the district court did not meet the "some evidence" requirement. Spear argues that the hearing testimony made it clear that the catalogs were on the officer's desk for inmates to take and that he was "never advised by any prison staff that he was limited in the number of catalogues he could take until after he was given the disciplinary report." Because there is no evidence that Spear violated the rules, he argues that his disciplinary sanctions should be reversed.

As established above, a prisoner's K.S.A. 2015 Supp. 60-1501 claim must assert the deprivation of a constitutional right. Spear was charged $5 for each of his offenses. "The extraction of a fine does implicate the Due Process Clause even when . . . the State has taken only a small amount from an inmate's prison account." *Anderson*, 23 Kan. App. 2d at 807. Thus, Spear is entitled to due process.

Due process requirements are satisfied if some evidence supports the correctional tribunal's decision. *Anderson*, 23 Kan. App. 2d at 807 (quoting *Superintendent v. Hill*,

7

472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 [1985]). Determining whether this standard is satisfied does not require the reviewing court to examine the entire record, make an independent assessment of witness credibility, or reweigh the evidence. The relevant question is whether there is any evidence in the record to support the conclusion reached by the disciplinary authority. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016) (quoting *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

Spear was disciplined for violating two regulations—K.A.R. 44-12-204 (taking without permission) and K.A.R. 44-12-205 (unauthorized dealing and trading).

K.A.R. 44-12-204(a), taking without permission, states:  "No inmate shall take without permission, regardless of the intent, articles of any kind from any other person or place, nor shall the inmate obtain these articles by fraud or dishonesty." The testimony clearly establishes that Spear, like other inmates, had permission to take a catalog. The issue is whether Spear had permission to take multiple catalogs. While there is evidence that inmates were allowed to take the catalogs, there is no evidence that the inmates were prohibited from taking multiple catalogs.

The guards' testimony establishes that they did not limit the taking to just one catalog until after Spear began distributing them to other inmates. One guard saw that Spear had taken multiple catalogs but did not stop Spear. The guard testified that Spear could have taken the catalogs and placed them in another public area without facing discipline—it was the fact of distribution that resulted in the disciplinary report. This suggests that Spear did have permission to take the catalogs and that he was actually being punished for unauthorized distribution of the catalogs. Thus, it is clear that Spear is being punished for something that was not clearly a rule violation.

The district court found that "[t]here was 'some evidence' that catalogs were placed on desk for all inmates' benefit and that inmates were not allowed to have them in cells."

8

It is unclear from the record why the district court found that inmates were not allowed to have the catalogs in cells, but it is also irrelevant as to whether Spear took without permission. The district court does not cite anything in the record that would support its decision that there was evidence that Spear took without permission. While the guard testified that "common sense" dictated that inmates should only take one catalog, Spear cannot legally be punished for failing to exercise common sense. Spear can only be punished if there is some evidence that he took without permission. Spear's taking was with permission.

Spear also contests his unauthorized dealing and trading charge. K.A.R. 44-12-205(a) defines the offense as: "Trading, borrowing, loaning, giving, receiving, selling, and buying goods, services, or any item with economic value between or among inmates without written permission of the warden or designee shall be prohibited." Spear admits that he gave the catalogs to other inmates. He contests whether the catalogs had economic value, which he says is required by the regulation. The hearing officer and district court did not directly address the economic value of the catalogs.

The regulation does not actually have an economic value requirement. The regulation can be read as prohibiting the trading and dealing of three distinct categories of things: (1) goods, (2) services, and (3) items with economic value. The caselaw on K.A.R. 44-12-205 does not address the construction of the regulation. However, it seems clear from the language of the statute that giving goods to other inmates without permission is prohibited and giving items of economic value is also prohibited. While the parties may contest whether the catalog has an economic value, the catalog is a good.

The district court's decision stated that "[s]ufficient evidence was produced that petitioner threw several copies under cell doors." The record does in fact reflect this. Because Spear gave away goods in violation of K.A.R. 44-12-205, the district court's finding on this issue is affirmed.

9

In sum, there is no evidence that Spear violated K.A.R. 44-12-204, taking without permission, but there is some evidence that Spear violated K.A.R. 44-12-205, unauthorized dealing and trading.

Affirmed in part and reversed in part.