(931 P.2d 1265)

No. 75,905

EDWARD RAMIREZ, *Appellee,* v. STATE OF KANSAS, *Appellant.*

Opinion filed February 7, 1997.

*Robert E. Wasinger,* of Norton Correctional Facility, for appellant.

*Paula D. Hofaker,* of Logan, for appellee.

Before LEWIS, P.J., KNUDSON, J., and JOHN J. BUKATY, JR., District Judge, assigned.

KNUDSON, J.: Edward Ramirez is in the custody of the Secretary of Corrections at the Norton Correctional Facility. Subsequent to an altercation between Ramirez and another inmate, Ramirez was found guilty of disruptive behavior, a class II disciplinary violation under K.A.R. 44-12-318. Ramirez was sentenced to 30 days' loss of privileges and 5 days' disciplinary segregation. The disciplinary segregation was suspended for 120 days. After exhausting his administrative remedies, Ramirez filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501. The district court issued the writ; thereafter, at a summary hearing, the district court granted judgment in favor of Ramirez. The State has filed a timely appeal. We reverse and direct that the sanctions imposed by the agency be reinstated.

Ramirez approached Pham, a fellow inmate, and asked him if he had told correctional officers that he (Ramirez) had been involved in a previous fight. Pham responded that he did not know what Ramirez was talking about. As Ramirez started to walk away, Pham became highly agitated, threw a chair against a wall, and challenged Ramirez to a fight. Subsequently, disciplinary proceedings were instituted.

At Ramirez' disciplinary hearing, other inmates testified that Pham lost self-control and started after Ramirez. Nonetheless, the disciplinary hearing officer found Ramirez guilty of disruptive behavior and made the following finding concerning Ramirez: "Officer's written report [states] this inmate was involved in an incident that resulted in a disruption to the normal routine of the facility. This inmate [Pham] by his own testimony initiated the incident."

While Ramirez' administrative appeal was pending before the Secretary of Corrections, Pham gave the following sworn written statement: "I did not understand what was said. I got mad and started yelling at inmate Ramirez because I thought he said something else. I almost started a fight by my actions and inmate Ramirez wanted me to leave him alone." In Ramirez' administrative appeal, the Secretary of Corrections concluded that the evidence supported the decision of the hearing officer.

Ramirez then appealed to the district court pursuant to K.S.A. 60-1501. The district court held that there was no evidence in the record to support the findings entered by the disciplinary hearing officer; thus, the disciplinary adjudication was arbitrary and capricious.

Subsequent to the district court's decision, *Sandin v. Conner*, 515 U.S. 472, 132 L. Ed. 2d 418, 115 S. Ct. 2293 (1995), was decided, followed by Kansas appellate court decisions in *Amos v. Nelson*, 260 Kan. 652, 923 P.2d 1014 (1996); *Murphy v. Nelson*, 260 Kan. 589, 921 P.2d 1225 (1996); and *Davis v. Finney*, 21 Kan. App. 2d 547, 902 P.2d 498 (1995). All of these cases dramatically changed the landscape of judicial review of disciplinary proceedings within prisons and are dispositive of the issue raised on appeal.

In *Amos*, Justice Lockett succinctly explained:

"To summarize, Kansas courts will not review an inmate's claim that he or she was placed in *either* administrative or disciplinary segregation unless the Due Process Clause has been violated. The threshold test to determine a violation of due process is whether the state laws and regulations structuring the authority of prison officials contain language of an unmistakably mandatory character requiring that certain procedures must be employed and that punishment will not occur absent specified substantive predicates. If this threshold test is met, we examine whether the discipline imposed represents a significant and atypical hardship on the prisoner which was not contemplated within the realm of conditions of the original sentence. If it does not, there is no due process violation. See *Davis v. Finney*, 21 Kan. App. 2d at 558-59." (Emphasis added). 260 Kan. at 666.

*Amos v. Nelson* is an administrative segregation case whereas *Davis v. Finney* is a disciplinary segregation case. These holdings lead to the inescapable conclusion that in Kansas, even if a statute or regulation mandates that punishment will not occur absent specified substantive predicates, there is no due process violation unless the resulting administrative punishment results in a significant and atypical hardship for the inmate over and above the inmate's underlying sentence. Whether disciplinary segregation violates due process must be considered on a case-by-case basis. 21 Kan App. 2d at 559.

Although the district court did not have the opportunity to consider whether Ramirez' loss of privileges for 30 days represented a significant and atypical hardship, under the uncontroverted facts of this case, we do not believe that remand for further hearing is necessary. We hold, as a matter of law, that 30 days' loss of privileges does not constitute an atypical and significant hardship for purposes of a due process analysis. *Cf.* 260 Kan. at 602.

In reaching this decision, we are mindful that under K.A.R. 44-6-124(g)(2), good time credits shall be withheld on guilty findings of disciplinary offenses. However, there is no protected liberty interest in good time credits not awarded. See *Frazee v. Maschner*, 12 Kan. App. 2d 525, 528, 750 P.2d 418, *rev. denied* 243 Kan. 778 (1988).

We also note that Ramirez unequivocally states that his claim is not based upon a violation of due process but rather upon the failure of the State to follow K.A.R. 44-13-409, which requires clear and convincing evidence of guilt. Ramirez argues that the district

court properly decided whether the agency acted arbitrarily and capriciously. He further argues that our standard of review is limited to determining whether the district court's decision is supported by substantial competent evidence. This approach is simply not tenable, even before *Sandin v. Conner* was decided. A 60-1501 proceeding must include allegations of a constitutional dimension. If an inmate does not assert deprivation of a constitutional right, a district court should grant the State's request for summary dismissal. *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 184, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987).

Reversed and remanded with directions to reinstate the administrative judgment of the Secretary of Corrections.