(152 P.3d 660)
No. 96,429

Marcus B. Washington, *Appellant,* v. Ray N. Roberts, *Appellee.*

Opinion filed February 23, 2007.

*Marcus Washington*, appellant pro se.

*Julie St. Peter*, of Kansas Department of Corrections, for appellee.

Before GREEN, P.J., MARQUARDT, J., and BRAZIL, S.J.

GREEN, J.: Marcus Washington appeals from the trial court's dismissal of his K.S.A. 60-1501 petition for failure to state a claim upon which relief can be granted. Washington argues that the trial court erred in summarily dismissing the claims in his K.S.A. 60-1501 petition that his due process rights were violated by the following: (1) the hearing officer refused to require the charging officer to be present at the disciplinary hearing; (2) the hearing officer refused to allow certain essential witnesses at the disciplinary hearing; (3) that his disciplinary conviction was not supported by the evidence; (4) that he was not provided with a sufficient statement of the evidence and reasoning relied on by the hearing officer; and (5) that the hearing officer was partial. We determine that the trial court erred in summarily dismissing Washington's claim that his due process rights were violated due to the hearing officer's alleged refusal to allow certain witnesses to testify at the disciplinary hearing. The remainder of the claims in Washington's K.S.A. 60-1501 petition were properly dismissed by the trial court. Accordingly, we affirm in part, reverse in part, and remand with directions.

In March 2005, a disciplinary report was filed against Washington, alleging undue familiarity, a class I offense under K.A.R. 44-12-328. The reporting officer stated that Washington had asked if

he could "scribe" to her, but she had told him no. The reporting officer understood this to mean that Washington wanted to write to her. When this incident occurred, Washington was working as a cook in the kitchen. After the incident, Frank Dorian, Director of Food Services, called the reporting officer into his office and told her about the proper procedure. Washington was fired from his position in the kitchen.

A disciplinary hearing was held. Both the reporting officer and Washington testified. At the conclusion of the hearing, the hearing officer found Washington guilty of the alleged violation. Washington was given 45 days of disciplinary segregation and 60 days' restriction and ordered to pay a $20 fine.

Washington filed an administrative appeal. The Secretary of the Department of Corrections (DOC) found some evidence to support the hearing officer's decision and upheld Washington's disciplinary conviction. In July 2005, Washington moved for relief under K.S.A. 60-1501, raising the same issues that he did in his administrative appeal. Washington argued that his due process rights were violated because of the hearing officer's refusal to require the charging officer to be present and to allow certain essential witnesses at the hearing. In addition, Washington argued that his disciplinary report conviction was not supported by the evidence, that he was not provided with a sufficient statement of the evidence and reasoning relied on by the hearing officer, and that the hearing officer was not impartial.

By written decision in September 2005, the trial court dismissed Washington's K.S.A. 60-1501 for failure to furnish proof that he had exhausted his administrative remedies. Washington later moved for reconsideration and attached an exhibit showing that he had exhausted his administrative remedies. The trial court granted Washington's motion for reconsideration of his K.S.A. 60-1501 petition. In a written decision filed in January 2006, the trial court dismissed Washington's K.S.A. 60-1501 petition for failure to state a claim upon which relief can be granted. Washington moved for reconsideration of the trial court's decision, but his motion was denied.

On appeal, Washington contends that the trial court erred in summarily dismissing his K.S.A. 60-1501 petition. In reviewing a trial court's order dismissing a petition for failure to state a claim upon which relief can be granted, an appellate court is required to accept the facts alleged by the plaintiff as true. The court must determine whether the alleged facts and all their inferences state a claim, not only on the theories set forth by the plaintiff, but on any possible theory. *Hill v. Simmons*, 33 Kan. App. 2d 318, 320, 101 P.3d 1286 (2004). "To avoid summary dismissal the allegations must be of a constitutional stature. [Citation omitted.]" *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

In his K.S.A. 60-1501 petition, Washington alleges that his due process rights were violated at the disciplinary hearing. Whether due process has been afforded presents a question of law over which an appellate court has unlimited review. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001).

In considering Washington's claims of due process violations, this court applies a two-step analysis. The first step is to determine whether the State has deprived the inmate of life, liberty, or property. If there has been a deprivation of life, liberty, or property due to State action, the second step is to determine the extent and nature of the process due. *Hogue*, 279 Kan. at 850-51.

Turning to the first step of the analysis, we note that placement in disciplinary segregation does not implicate due process rights. Nevertheless, the extraction of a fine implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution even when only a small amount has been taken from an inmate's account. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997). Here, it appears that the disciplinary action implicated a property interest because Washington was fined $20 as part of his penalty.

We now shift to determining the extent and nature of the process that Washington was due. As stated by Justice Luckert in *Hogue*, "[d]ue process ' "is not a technical conception with a fixed content unrelated to time, place, and circumstances." ' [Citations omit-

ted.]" 279 Kan. at 851. Justice Luckert then cited *Wolff v. McDonnell*, 418 U.S. 539, 553-56, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974), where the United States Supreme Court recognized that there must be " 'mutual accommodation between institutional needs and objectives' " and the rights of the prisoner in a prison disciplinary proceeding and that " 'the full panoply of rights due a defendant in [criminal] proceedings does not apply.' " 279 Kan. at 851. The limited rights that a prisoner has in a prison disciplinary proceeding include " 'an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence.' " 279 Kan. at 851 (citing *Pierpoint*, 271 Kan. at 627).

### Presence of Charging Officer

First, Washington claims that his due process rights were violated due to the hearing officer's refusal to require the charging officer to be present at the disciplinary hearing. Washington alleges that before the disciplinary hearing, he requested the charging officer's presence. Nevertheless, Washington maintains that the hearing officer denied his request and allowed the charging officer to testify by telephone.

As Washington points out, K.A.R. 44-13-404(b)(1) requires the charging officer to be present at the disciplinary hearing in class I cases unless either of two exceptions have been established:

"In class I cases, the charging officer shall be present for direct examination, and for confrontation and cross-examination, unless excused by the hearing officer or unless the inmate has been transferred to another facility. *The hearing officer may excuse the charging officer only if it is determined that institutional safety or correctional goals would be jeopardized.* Institutional safety or correctional goals shall not include considerations of mere convenience." (Emphasis added.)

Here, the record is silent as to why the charging officer testified by telephone and was not present at the hearing. The record shows that the inmate was at the same prison where the alleged disciplinary violation occurred. There are no findings that institutional

safety or correctional goals would be jeopardized by the charging officer's presence at the hearing.

Nevertheless, although K.A.R. 44-13-404(b)(1) clearly requires the charging officer's presence at the disciplinary hearing in class I cases unless certain exceptions are met, the fact that the hearing officer failed to comply with this regulation does not in itself establish a due process violation. Quoting *Anderson*, 23 Kan. App. 2d at 811, our Supreme Court in *Hogue* stated the following:

" 'The mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail.' " 279 Kan. at 855-56.

In *Wolff*, the United States Supreme Court declined to hold that an inmate had a constitutional right to confront and cross-examine witnesses in prison disciplinary proceedings. The *Wolff* Court stated:

"Although some States do seem to allow cross-examination in disciplinary hearings, we are not apprised of the conditions under which the procedure may be curtailed; and it does not appear that confrontation and cross-examination are generally required in this context. We think that the Constitution should not be read to impose the procedure at the present time . . . ." 418 U.S. at 567-68.

The *Wolff* Court further stated that "[t]he better course at this time, in a period where prison practices are diverse and somewhat experimental, is to leave these matters to the sound discretion of the officials of state prisons." 418 U.S. at 569.

While a review of the record in this case indicates that the hearing officer did not comply with K.A.R. 44-13-404(b)(1), this failure does not violate fundamental fairness that rises to an unconstitutional level. The record demonstrates that the charging officer was placed under oath and that Washington was able to question her concerning the incident. There was no due process violation based on the charging officer's physical absence from the disciplinary hearing.

*Failure to Call Supervisor and to Contact Investigators*

Next, Washington argues that the hearing officer refused to allow Dorian, an essential witness, to testify at his disciplinary hearing. In addition, Washington contends that the hearing officer refused to contact an investigation unit in the prison in order to confirm or dispel the charging officer's testimony about the "kite" that Washington had previously given her.

Here, it is unclear from the record when Washington requested that Dorian be called as a witness or when he requested that the investigation unit be contacted. The record does indicate that Washington submitted a witness request form within 48 hours after he received the disciplinary report. At the disciplinary hearing, Washington asked whether Dorian would be a witness. There is nothing in the record, however, concerning Washington's alleged request to contact the investigation unit. Nevertheless, our standard requires us to accept Washington's alleged facts and all their inferences as true. See *Hill*, 33 Kan. App. 2d 318, Syl. ¶ 1. Therefore, we must assume that a request was made for the hearing officer to contact an investigator who could confirm or deny the charging officer's testimony.

Under K.A.R. 44-13-101(c)(5), an inmate is entitled "to have witnesses called to testify on the inmate's behalf." K.A.R. 44-13-405a(a) states that in determining whether to allow an inmate to call another inmate or a prison employee as a witness, the hearing officer "shall balance the inmate's interest in avoiding loss of good time and assessment of a fine or placement in disciplinary segregation against the needs of the prison." K.A.R. 44-13-405a(a) sets forth the needs of the prison in 13 separate paragraphs. Once the needs have been considered, it is within the hearing officer's sound discretion to grant or deny a witness request. K.A.R. 44-13-405a(b). If a witness request is denied, the hearing officer shall make a written explanation on the record unless it would endanger any person. K.A.R. 44-13-405a(e).

In *Wolff*, the United States Supreme Court held that an inmate facing disciplinary proceedings should be allowed to call witnesses and to present documentary evidence in his defense when doing

so would not be unduly hazardous to prison safety or correctional goals. 418 U.S. at 566. In *Ponte v. Real*, 471 U.S. 491, 497, 85 L. Ed. 2d 553, 105 S. Ct. 2192 (1985), the Court held that prison officials are required, when challenged, to justify why witnesses were not allowed to testify in a disciplinary proceeding, either by making the explanation part of the record at the disciplinary hearing or by presenting testimony in court. See *Shepherd v. Davies*, 14 Kan. App. 2d 333, 337, 789 P.2d 1190 (1990). "[S]o long as the reasons are logically related to preventing undue hazards to 'institutional safety or correctional goals,' the explanation should meet the due process requirements." *Ponte*, 471 U.S. at 497.

Although an inmate claiming a violation of his or her constitutional rights in a habeas proceeding carries the burden of proof, see *Anderson*, 23 Kan. App. 2d at 807, prison officials have the burden of persuasion as to the institutional concerns justifying a refusal to allow an inmate to call witnesses at a disciplinary hearing. Quoting *Ponte*, 471 U.S. at 499, our Supreme Court in *Hogue* recognized that the burden of proof was not on the inmate to show why the action of the prison officials' refusal to call witnesses was arbitrary or capricious:

" 'Given [the] significant limitations on an inmate's right to call witnesses, and given our further observation in *Wolff* that "[w]e should not be too ready to exercise oversight and put aside the judgment of prison administrators," [citation omitted], it may be that a constitutional challenge to a disciplinary hearing such as respondent's in this case will rarely, if ever, be successful. But the fact that success may be rare in such actions does not warrant . . . [placing] the burden of proof on the inmate to show why the action of the prison officials in refusing to call witnesses was arbitrary or capricious. These reasons are almost by definition not available to the inmate.' " 279 Kan. at 853.

Therefore, "the 'burden of persuasion as to the existence and sufficiency of such institutional concerns is borne by the prison officials, not by the prisoners.' [Citations omitted.]" 279 Kan. at 853. Our Supreme Court noted that the United States Supreme Court in *Ponte* recognized "that it was necessary to demand an explanation from prison officials because to not do so 'would change an admittedly circumscribed right into a privilege conferred in the

unreviewable discretion of the disciplinary board.' [Citations omitted.]" 279 Kan. at 854.

The instant case is similar to *Shepherd* in that there is nothing in the record to show why the prison officials would not allow the inmate to call requested witnesses. In *Shepherd*, Shepherd had requested that two inmates be called as witnesses at his disciplinary hearing. Only one of the inmates was allowed to testify at Shepherd's disciplinary hearing. Prison officials did not give Shepherd any reason why the other inmate was not allowed to testify. Shepherd petitioned for relief under K.S.A. 60-1501, claiming a violation of his due process rights. The trial court dismissed Shepherd's K.S.A. 60-1501 petition for failure to state a claim upon which relief could be granted. Shepherd appealed to this court. Relying on *Ponte*, this court reversed and remanded for a hearing on whether the State had violated its regulations and denied Shepherd his constitutionally protected liberty interest in having his requested witnesses testify at the disciplinary hearing. This court noted that although the respondents' counsel had provided some possible reasons for the prison officials' decision, "such post-hoc hypothesizing does not allow this court to determine whether the prison officials' decision was actually based on these reasons or was purely arbitrary." 14 Kan. App. 2d at 337.

In his appellate brief, Washington maintains that no rationale has ever been provided by prison officials for their decision to deny his requested witnesses. Because most disciplinary proceedings will turn on issues of fact, the right of an inmate to call witnesses is very important. The record here is devoid of the reasons why the hearing officer refused to call Dorian and to contact an investigator. Thus, they have not met their " 'burden of persuasion as to the existence and sufficiency' " of institutional concerns which justified the alleged refusal to call witnesses. *Hogue*, 279 Kan. at 853. Hearing officers should state the reasons for their rulings. The facts alleged by Washington in his K.S.A. 60-1501 petition and all their inferences may entitle Washington to relief. A writ should issue under K.S.A. 60-1503, after which an answer may be filed stating the reasons for the prison officials' alleged refusal to allow Washington to call his requested witnesses. See *Hogue*, 279 Kan. at 854.

*Sufficiency of Evidence*

Next, Washington contends that his disciplinary conviction was not supported by the evidence. Because we are reversing and remanding on the previous issue, it is unnecessary to address Washington's argument at this time. Nevertheless, if we were to address his argument, it would fail based on the record that is presently before this court. The requirements of due process are satisfied if some evidence supports the prison disciplinary board's decision. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be made. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there exists any evidence in the record to support the conclusion reached by the disciplinary board. *Anderson*, 23 Kan. App. 2d at 807-08. Here, the charging officer's testimony supported the decision of the hearing officer to convict Washington of the disciplinary violation under K.A.R. 44-12-328. Because the record contains some evidence to support the hearing officer's conclusion, there can be no due process violation.

*Hearing Officer's Decision*

Next, Washington contends that he was not provided with a sufficient statement of the evidence and reasoning relied on by the hearing officer. In *Wolff*, the Supreme Court held that due process requires "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." 418 U.S. at 563. Washington acknowledges that he was provided with a copy of the hearing officer's decision in which the following finding was made: Based on the charging officer's statement that the inmate approached her asking to "scribe" with her and a previous statement, the hearing officer is finding the inmate guilty under K.A.R. 44-12-328. The hearing officer's decision in this case satisfied the due process requirements under *Wolff*.

*Partiality of Hearing Officer*

Finally, Washington argues that the hearing officer was not impartial in this case as she followed the warden's sentencing guidelines when imposing the penalty for his disciplinary conviction. As set forth above, one of the requirements of due process is that an inmate who has been charged with a disciplinary violation be afforded an impartial hearing. *Pierpoint*, 271 Kan. at 627. Washington provides no support for his argument. K.A.R. 44-12-1301(b) lists the penalties that may be imposed for a class I offense. The penalties imposed by the hearing officer in this case were within the penalties contemplated by K.A.R. 44-12-1301(b). Washington's argument does not establish a due process violation.

In summary, no further proceedings are necessary on Washington's arguments regarding the sufficiency of the evidence, the report of the hearing officer's decision, and the partiality of the hearing officer. The trial court properly dismissed these claims summarily. Nevertheless, on Washington's argument concerning the hearing officer's refusal to call requested witnesses and the prison officials' failure to set forth the reasons justifying such refusal, we reverse and remand with directions that the trial court grant Washington's K.S.A. 60-1501 petition and conduct further proceedings to determine whether Washington's due process rights were violated.

Affirmed in part, reversed in part, and remanded with directions.