NOT DESIGNATED FOR PUBLICATION

No. 115,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDRE CHANNEL,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed July 15, 2016.
Affirmed.

*Nancy Ogle*, of Ogle law Office, L.L.C., of Wichita, for appellant.

*Michael J. Smith*, of Kansas Department of Corrections, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*: Andre Channel was found guilty after an inmate discipline hearing of possessing a dangerous substance, specifically a liquid containing alcohol. The district court dismissed his habeas petition challenging the disciplinary action. He alleges the hearing officer failed to consider anything other than the disciplinary report and prison officials failed to follow procedural regulations prior to and during the hearing, thereby denying him due process. Some evidence supports the hearing officer's determination, and Channel failed to do more than allege procedural violations, resulting in a failure to adequately raise a constitutional claim. We affirm.

1

Channel is an inmate at the El Dorado Correctional Facility. On June 24, 2015, a corrections officer submitted a disciplinary report indicating that he had found a red liquid in a coffee container in Channel's cell, the liquid had a strong odor, and a test indicated that it was .30% alcohol. A picture in the record shows a test strip and result reference sheet. Channel received a copy of the report later that day, and at 5:35 the next morning, a corrections officer served him with a summons for a hearing on June 26, 2015, at 7:45 a.m.

According to the hearing report, the hearing officer found that Channel did not require staff assistance, Channel waived requiring the reporting officer to testify, and Channel pled not guilty. Channel testified the liquid was something he had put aside for Ramadan and it was made of apple juice, Hawaiian Punch, and sweetener, and he also included a written statement with his testimony. In the written statement, he indicated he had spoken with a nurse who provided him with a book that explained how his mixture could have inadvertently produced alcohol. He also requested a retest of the liquid in the statement. The hearing officer concluded, by a preponderance of the evidence, that it was more likely than not that Channel possessed a container with alcohol. The hearing officer recommended 30 days in disciplinary segregation, a $20 fine, and a reduction in good time. The report indicated the evidence had been destroyed. The warden approved the sanction.

Channel appealed the decision to the secretary of the department of corrections. He raised four issues in his appeal: (1) he was not given the required 48 hours to file his witness form; (2) his request for a continuance was denied, even though the hearing was less than 48 hours after he received the blank witness form; (3) the hearing officer refused his request to see the picture of the alcohol test, informing him that he did not need to see the evidence against him; and (4) neither his written statement nor the photographic evidence were attached to the disposition form he received, indicating that the only evidence the hearing officer considered was the disciplinary report.

2

The Secretary found substantial compliance with standards and procedures, concluded that some evidence supported the hearing officer's decision, and approved the decision.

Channel sought review in district court through a K.S.A. 2015 Supp. 60-1501 habeas petition. He argued that he had been deprived of liberty and property without due process because the hearing officer could not have concluded that some evidence supported the decision because it summarily made the decision based solely on the disciplinary report. He also alleged the warden had participated in a conspiracy to discriminate on a religious basis, thereby depriving him of equal protection. The district court summarily dismissed the petition, noting that disciplinary segregation did not implicate constitutional rights and Channel's admission to possession of the container and the substance and the test demonstrating that the substance contained alcohol constituted "some evidence of guilt." Channel appealed.

Channel argues that he challenged his disciplinary conviction under the Due Process Clause of 14th Amendment to the United States Constitution in his petition, specifically when he alleged in his appeal to the Secretary that he was not given the required 48 hours to file his witness form, and the district court erred by failing to address this claim. He contends the $20 fine and the loss of good time constituted the deprivation of protected interests, and the prison officials failed to follow regulations prior to and during the hearing. He states they violated regulations by hearing evidence outside his presence when the hearing officer refused to show him the picture of the alcohol test and refused to retest the liquid, which had been destroyed prior to the hearing.

Channel also argues that the hearing officer failed to provide him with the required 48 hours to submit his witness form, although, as at each stage in this process, he has not indicated what witnesses he would have called or evidence he would have introduced if given the additional time.

3

Finally, he argues that due process cannot be satisfied merely by the support of "some evidence," especially in light of the several procedural violations noted above that tainted the entire proceeding. He grounds this argument in caselaw dealing with due process protections afforded to defendants in probation violation proceedings.

The question of whether due process exists in a set of facts is a question of law. *Murphy v. Nelson,* 260 Kan. 589, 594, 921 P.2d 1225 (1996). Our review, then, is unlimited. *Anderson v. McKune,* 23 Kan. App. 2d 803, 807 (1997).

An inmate's due process claim under K.S.A. 2015 Supp. 60-1501 must assert the deprivation of a constitutional right or we are without jurisdiction to consider the claim, and, in the absence of such a claim, the petition should be summarily dismissed. *Ramirez v. State,* 23 Kan. App. 2d 445, Syl. ¶ 3, 931 P.2d 1265 (1997). The assessment of a fine does implicate the Due Process Clause even when, as here, the State has taken only a small amount from an inmate's prison account. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007). Due process is satisfied in such cases when some evidence supports the disciplinary decision. *Anderson*, 23 Kan. App. 2d at 807-08 (citing *Superintendent v. Hill,* 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 [1985]).

> "The mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail. As a general rule, prison officials are given flexibility in executing internal prison policies and procedures which are designed to preserve internal order and discipline." *Anderson*, 23 Kan. App. 2d at 811.

First, the record does not support Channel's contention that the hearing officer summarily rendered his decision based solely on the disciplinary report. The hearing report clearly demonstrates that the officer considered Channel's testimony and evidence of the alcohol test. Channel bases his claim on the lack of attachments to the disposition form he received, but the hearing officer's failure to staple additional documents to the

4

disposition form does not undermine the clear indications in the hearing report that the officer considered more than just the disciplinary report. Channel admitted possessing the can and the liquid inside, and the alcohol test demonstrated that the liquid was at least .30% alcohol. These facts satisfy the "some evidence" standard and support the hearing officer's decision. 23 Kan. App. 2d at 807-08.

Second, the due process protections afforded to inmate discipline procedures are not as broad as Channel argues. Some evidence supported the hearing officer's decision, as noted above, and Channel failed to elaborate on the procedural violations he alleged. See 23 Kan. App. 2d at 807-08. Channel has never indicated what witnesses he would have called if given additional time to submit his form, what evidence would result from calling witnesses, or how he was actually harmed by the prison's decision to hold the hearing less than 48 hours after it served him with the disciplinary report. As such, he has not provided the "something more" that we require when a prisoner raises procedural violations in a habeas petition challenging inmate discipline. See 23 Kan. App. 2d at 811.

Even construing all of Channel's factual allegations as true, he has still failed to demonstrate that his complaint rises to the level of a constitutional violation. Thus, although one could interpret the district court's summary dismissal as a finding that Channel failed to identify a constitutionally protected interest, which would be an error given the $20 fine, the district court correctly concluded that Channel failed to adequately raise a constitutional claim. See *Washington*, 37 Kan. App. 2d at 240*; Ramirez,* 23 Kan. App. 2d 445, Syl. ¶ 3. As such, summary dismissal was appropriate and we affirm.

Affirmed.