NOT DESIGNATED FOR PUBLICATION

No. 117,147

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GRANT NIXON,
*Appellant*,

v.

SAM CLINE, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed September 29, 2017. Affirmed.

*John J. Bryant*, of Bryant Law Office, of Kansas City, for appellant.

*Sherri Price*, special assistant attorney general, of Lansing Correctional Facility, and *Derek Schmidt*, attorney general, for appellees.

Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

PER CURIAM:  Grant Nixon appeals the district court's summary denial of his petition for a writ of habeas corpus pursuant to K.S.A. 2016 Supp 60-1501. The district court denied Nixon's petition because it failed to assert a deprivation of a constitutionally protected right. For the reasons stated herein, we affirm the district court's judgment.

On February 18, 2016, according to the disciplinary report, Nixon's user name and password accessed several pornographic websites depicting young boys. Based on this

evidence, Nixon was convicted administratively for misuse of state property in violation of K.A.R. 44-12-208 and accessing unauthorized computer-based information in violation of K.A.R. 44-12-212. Combining the sanctions for each violation, Nixon received 60 days of disciplinary segregation, suspended for 180 days, and 90 days of restricted privileges. The hearing officer did not assess any fine for either violation, nor did he impose any loss of good time credit.

After exhausting his administrative remedies, Nixon filed a petition for writ of habeas corpus, claiming his due process rights were violated because he was not given a fair hearing. The district court summarily denied Nixon's petition, finding there was no constitutionally protected liberty interest at stake. Nixon subsequently filed a motion to alter or amend the district court's order, which the district court denied. He then filed a "Motion for Compliance with Rule 165 and/or 183(j)," which the district court also denied. Nixon timely filed a notice of appeal.

On appeal, Nixon claims the district court erred in summarily denying his K.S.A. 2016 Supp. 60-1501 petition for failure to state a claim. Specifically, Nixon argues that his due process rights were violated and there was no evidence to support his administrative conviction. The State asserts that the district court properly denied Nixon's petition because he failed to provide evidence of a deprivation of a recognized life, liberty, or property interest resulting from the disciplinary conviction.

"K.S.A. 60-1501 allows 'any person' confined in Kansas to prosecute a writ of habeas corpus in the county in which such restraint is taking place." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). An appellate court exercises unlimited review of a summary dismissal of a K.S.A. 60-1501 petition. 289 Kan. at 649.

A court applies a two-step analysis in determining whether there has been a denial of due process in a K.S.A. 2016 Supp. 60-1501 proceeding. First, the court must

2

determine whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and nature of the process due. 289 Kan. at 649.

> "To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citations omitted.]" *Johnson*, 289 Kan. at 648-49.

Here, Nixon's administrative sanctions fell into two categories:  (1) disciplinary segregation for a total of 60 days, which was suspended for 180 days; and (2) restricted privileges for a total of 90 days. Generally, disciplinary segregation does not rise to the level of a constitutionally protected liberty interest. See *Hewitt v. Helms*, 459 U.S. 460, 471-72, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983). The Kansas Supreme Court has held that a prisoner has no protected liberty interest in remaining in the general prison population. *Murphy v. Nelson*, 260 Kan. 589, Syl. ¶ 9, 921 P.2d 1225 (1996).

We note that in *Jamerson v. Heimgartner*, 304 Kan. 678, 685, 372 P.3d 1236 (2016), our Supreme Court stated in dicta that the duration of segregated placement is a factor that courts must consider in determining whether an inmate has demonstrated a liberty interest infraction; in extreme cases, courts may deem duration the dominant factor. The inmate in *Heimgartner* had been subjected to 1,000 days of administrative segregation. But here, Nixon's 60 days of disciplinary segregation was suspended for 180 days, and the record does not reflect that the sanction was ever imposed. Sanctions never imposed do not implicate a protected liberty interest. See *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505-06, 238 P.3d 328 (2010) (citing *Davis v. Ward*, 92 Fed. Appx. 634, 635 [10th Cir. 2004] [unpublished opinion]).

3

Likewise, our court has held that restricted privileges do not implicate a protected liberty interest because they do not represent "a significant and atypical hardship on the prisoner which is not contemplated within the realm of conditions of [a petitioner's] original sentence." *Davis v. Finney*, 21 Kan. App. 2d 547, 559, 902 P.2d 498 (1995); see also *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265, *rev. denied* 262 Kan. 962 (1997) ("We hold, as a matter of law, that 30 days' loss of privileges does not constitute an atypical and significant hardship for purposes of due process analysis. [Citation omitted.]" Thus, we agree with the district court that Nixon's restricted privileges do not give rise to a constitutionally protected liberty interest.

To sum up, despite Nixon's prison disciplinary conviction, he has not suffered any deprivation that would implicate a constitutionally protected liberty interest. Because Nixon failed to assert a deprivation of a constitutionally protected right, the district court did not err in summarily denying his K.S.A. 2016 Supp. 60-1501 petition.

Affirmed.