NOT DESIGNATED FOR PUBLICATION

No. 120,004

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN W. GINN JR.,
*Appellant*,

v.

D.H.O. HUNT,
*Appellee*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 5, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before LEBEN, P.J., BUSER and STANDRIDGE, JJ.

PER CURIAM: Kevin W. Ginn Jr. appeals the district court's summary dismissal of his K.S.A. 2017 Supp. 60-1501 habeas corpus petition. The district court dismissed the petition because Ginn failed to assert any deprivation of a constitutionally protected interest. On appeal, Ginn candidly concedes that he failed to plead any deprivation of a recognized liberty interest under our current caselaw precedent. But Ginn contends our analysis of procedural due process violations should change to provide that the severity of the alleged disciplinary offense is considered instead of merely the sanction imposed

1

for that violation. Applying current precedent—as we must—we decline Ginn's invitation to adopt a new legal test and affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ginn is an inmate at the Lansing Correctional Facility (LCF). On September 2, 2017, he received a disciplinary report for allegedly disobeying orders in violation of K.A.R. 44-12-304. Additionally, Ginn was cited for violating the work performance requirements of K.A.R. 44-12-401(b). The disciplinary report was issued in response to Ginn's refusal to turn over his MP3 player to a correctional officer and his failure to sweep a floor.

A hearing on the disciplinary report was held at LCF on September 7, 2017. The hearing officer found Ginn guilty of both violations. He was given a sanction of 30 days' privilege restriction for disobeying orders. This sanction was suspended for 180 days. The hearing officer also issued a verbal reprimand for Ginn's violation of work performance requirements. Ginn appealed the hearing officer's decision to the warden and the Secretary of Corrections. Both the warden and the Secretary approved the hearing officer's decision.

On December 8, 2017, Ginn filed a K.S.A. 2017 Supp. 60-1501 habeas corpus petition in the district court. In the petition, Ginn alleged the hearing officer violated his due process rights by improperly denying his request to have four witnesses testify on his behalf during the disciplinary hearing. Ginn argued that the witnesses would have testified that he swept the floor in question and that the correctional officer used profanity when ordering him to turn over his MP3 player. The district court summarily dismissed the petition after finding that Ginn failed to allege any deprivation of a constitutionally protected interest.

2

Ginn appeals.

ANALYSIS

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a).

We exercise unlimited review over a district court's summary dismissal. And our court exercises unlimited review when determining whether an individual's right to due process under the Fourteenth Amendment to the United States Constitution has been violated. 289 Kan. at 649.

In this appeal, Ginn contends there were violations of his due process rights during the disciplinary hearing. To determine whether an inmate states a due process claim, our court applies a two-step analysis. First, we determine whether the State has deprived the inmate of life, liberty, or property. If this first step is met, we determine the extent and nature of the process to which the prisoner is entitled. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007) (citing *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 [2005]).

In this case, the hearing officer imposed two sanctions: (1) a 30-day privilege restriction, which was suspended for 180 days; and (2) a verbal reprimand. Additionally, Ginn suggests that some of his good time credit was withheld as a collateral consequence of his disciplinary violations. Of note, he does not argue that these sanctions implicated

3

any property interest. As a result, we next consider whether the sanctions deprived Ginn of a protected liberty interest.

Turning first to the 30-day privilege restriction, the record does not show that the sanction was ever imposed. This is important because sanctions never imposed do not implicate a protected liberty interest. *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). Still, even if the 30-day privilege restriction was imposed, Ginn would not have been deprived of a protected liberty interest. Our court has repeatedly found that a restriction on privileges implicates no protected liberty interest because it does not represent a significant and atypical hardship in relation to the ordinary incidents of prison life. *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265 (1997); *Mitchell-Pennington v. Cline*, No. 118,701, 2018 WL 2749967, at *2 (Kan. App. 2018) (unpublished opinion).

Similarly, Ginn's verbal reprimand does not constitute an atypical or significant hardship necessary to trigger a protected liberty interest. *Baptist v. Cline*, No. 117,049, 2017 WL 4453102, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 986 (2018). Finally, the withholding of good time credits does not constitute a deprivation of a constitutionally protected liberty interest. *Ramirez*, 23 Kan. App. 2d at 447. In summary, Ginn's disciplinary sanctions did not deprive him of a constitutionally protected interest.

Ginn acknowledges that, under current caselaw precedent, the sanctions did not deprive him of a constitutionally protected interest and, as a result, he has failed to state a due process claim. But Ginn argues for a change in the method of analyzing whether an inmate's due process rights have been violated. Ginn disagrees with the current legal precedent which requires us to consider the sanction imposed for a violation in determining whether the State deprived the inmate of life, liberty, or property. Instead, Ginn proposes "that the process due should be keyed to the level of offense, as utilized,

and according to, the readily available administrative regulations, and not merely the sanction imposed." Upon our consideration, we must decline Ginn's invitation.

Our Supreme Court announced the two-step inquiry for procedural due process habeas claims in *Murphy v. Nelson*, 260 Kan. 589, 597-98, 921 P.2d 1225 (1996), and has applied it faithfully since that time. See *Johnson*, 289 Kan. at 649; *Hogue*, 279 Kan. at 850-51. That precedent provides that when considering the first step—whether the State deprived the inmate of life, liberty, or property—the court should consider the actual sanction or punishment imposed for the violation. See, e.g., *Hogue*, 279 Kan. at 851.

We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Ginn provides no indication that our Supreme Court is departing from this well-established precedent, and we are not aware of any such indication. Accordingly, we will adhere to our Supreme Court's precedent, apply the two-step procedural due process analysis, and find that Ginn has failed to allege a loss of a constitutionally protected interest. As a result, the district court did not err by summarily dismissing his K.S.A. 2017 Supp. 60-1501 petition.

Affirmed.