NOT DESIGNATED FOR PUBLICATION

No. 122,125

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL RINDT,
*Appellant*,

v.

DAN SCHNURR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed June 5, 2020.
Affirmed.

*Shannon S. Crane*, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before POWELL, P.J., GARDNER, J. and WALKER, S.J.

PER CURIAM: Michael Rindt sought habeas corpus relief pursuant to K.S.A. 60-1501 against the warden of Hutchison Correctional Facility (HCF), challenging his guilty findings in two separate administrative disciplinary cases. In his petition, Rindt claimed his constitutional due process rights had been violated when the disciplinary hearing officer in the first case did not permit him to confront his accusers and in the second refused to allow him to call his own witnesses. The district court denied his claims, finding, as to the first disciplinary case, Rindt had failed to establish the existence of a constitutional liberty interest which would permit court review. As to the second disciplinary case, the district court found Rindt's witness request had not been specific

1

enough. It also found sufficient evidence supported the disciplinary hearing officer's decision. On appeal, Rindt challenges those findings. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves two separate disciplinary cases that occurred on June 24, 2018, at HCF: Case 18-06-355 S and Case 18-06-356 S.

*Case 18-06-355 S*

At approximately 4 a.m. on June 24, 2018, a staff medical technician at HCF refused to give Rindt his medication as Rindt did not have his identification with him. Rindt later returned to the clinic with a corrections officer to ask for the medical technician's personal information so Rindt could file a grievance against her. After the technician gave her name, Rindt raised his voice in what the technician perceived to be a threatening tone. She reported Rindt demanded she provide him a reason as to why she needed to check his identification. The technician told Rindt to leave, and he refused. The technician reported she felt Rindt was becoming hostile, so she asked him to leave a second time. The corrections officer who had accompanied Rindt stated he had to position himself between Rindt and the technician because he believed Rindt was trying to scare and intimidate the technician. The officer also told Rindt to leave, and he finally did so. The technician filed a disciplinary report against Rindt alleging three separate violations: (1) threatening or intimidating, a class I offense in violation of K.A.R. 44-12-306; (2) disobeying orders, a class I offense in violation of K.A.R. 44-12-304; and (3) disrespect, a class II offense in violation of K.A.R. 44-12-305.

The written report and a copy of a notice of a disciplinary hearing was provided to Rindt the next day, June 25, 2018. The hearing notice set a hearing date of July 2, 2018, but it failed provide a location or time for the hearing. Later the same day, Rindt

2

submitted a witness request to the hearing officer specifically asking that the corrections officer who witnessed the event be called to testify. The hearing officer approved Rindt's request.

The disciplinary hearing took place on July 3, 2018. There is no indication in the record as to why the hearing was continued from July 2 to July 3. Instead of testifying in person, the hearing officer read into the record written sworn testimony from the corrections officer who witnessed the incident, despite the fact in person testimony is typically required by K.A.R. 44-13-405a(d). Moreover, the hearing officer also did not call the technician to testify despite the requirements in K.A.R. 44-13-403(q) and K.A.R. 44-13-404(b)(1) that reporting officers testify on the record at disciplinary hearings involving class I offenses. However, Rindt had signed a waiver of rights form waiving his right to live testimony from the reporting officer, and the hearing officer determined the technician's testimony was not required as it would have been cumulative. After reviewing the evidence, the hearing officer found Rindt guilty of all three charges. Rindt was assessed 15 days in disciplinary segregation, suspended for 90 days, and 30 days' restriction time for the intimidation charge; 30 days' restriction time for the disobeying orders charge; and 15 days' restriction time for the disrespect charge. The sentences for the first two charges were to run concurrently, while the third sentence was to run consecutively.

*Case 18-06-356 S*

At approximately 5:05 a.m. on June 25, 2018, Rindt was cited again after an officer found a bag of chewing tobacco in Rindt's bunk. The officer reported Rindt had been moved to another unit and the officer was conducting a search of Rindt's previous cell when he found the bag of chewing tobacco under Rindt's mattress and inside his stocking cap. The officer attached a picture of the tobacco to the report.

3

Like in the first case, the written report of this incident and a copy of a notice of a disciplinary hearing was provided to Rindt on June 25, 2018. The hearing notice set a hearing date for July 2, 2018, but it failed to provide a location or time for the hearing. Like in his first case, Rindt submitted a witness request to the hearing officer specifically asking the following:

> "Any of the med techs from south/my crew bosses Andrew McPhillips or any regular main side south unit officers to attest that this is not the way I carry myself or something I would please and thank you."

Rindt failed to sign the request, and he did not request any other witnesses. The hearing officer denied Rindt's request because Rindt failed to provide specific names of the witnesses he wished to call.

Like the hearing in his first case, the disciplinary hearing in his second case took place on July 3, 2018. The reporting officer testified in person, and the photograph of the chewing tobacco he allegedly found in Rindt's bunk was presented as evidence. No other witnesses were called. Curiously, the hearing officer stated Rindt had never submitted a witness request despite having specifically denied Rindt's request earlier. Nevertheless, Rindt signed a waiver of rights form specifically stating he did not submit a witness request to the hearing officer within 48 hours of receiving the disciplinary report. After reviewing the evidence, the hearing officer found Rindt guilty. Rindt was assessed a $5 fine.

*Administrative Appeal*

On July 16, 2018, Rindt filed two separate administrative appeals regarding both disciplinary decisions with the Kansas Department of Corrections (KDOC). For each appeal, he attached the same written statement explaining his reasons for appealing. In

4

both cases, Rindt argued the hearing officer had violated his constitutional due process rights for three general reasons:

- The hearing officer violated K.A.R. 44-13-403(q) and K.A.R. 44-13-404(b)(1) when he refused to allow Rindt to confront the reporting officer;

- The hearing officer violated K.A.R. 44-13-101(a) when he failed to administer a written waiver of rights; and

- The hearing officer violated the standard of proof when he failed to examine Rindt's witnesses, failed to seek out video evidence, refused to call witnesses that Rindt requested, and did not call the reporting officer to testify.

A KDOC official denied both appeals on August 6, 2018, stating the hearing officer substantially complied with department standards and procedures and the decisions were based on some evidence.

*K.S.A. 60-1501 Proceedings*

On September 19, 2018, Rindt petitioned for a writ of habeas corpus pursuant to K.S.A. 60-1501 in the Reno County District Court. However, Rindt's petition only sought relief in his first disciplinary case, and it alleged he had been denied due process because he was not allowed to confront the reporting medical technician or the corrections officer who witnessed the incident. Additionally, Rindt alleged he had been wrongly denied the ability to call any witnesses. HCF sought to dismiss Rindt's petition for failure to state a claim, arguing Rindt had not shown any protected liberty interest had been implicated because disciplinary segregation and restriction time were not protected liberty interests. HCF also argued Rindt's petition was moot as he had already served his punishment.

5

At the first hearing, the district court continued the matter so Rindt could amend his petition to add the other disciplinary case.

Rindt subsequently amended his petition to add a claim involving his second disciplinary case. In addition to his claims concerning his first disciplinary case, Rindt alleged the hearing officer in his second disciplinary case had failed to record the facts truthfully. Specifically, Rindt alleged the hearing officer had wrongly stated Rindt never provided a witness list, but, in fact, his request had been submitted and denied. HCF renewed its motion to dismiss, adding that although Rindt had a protected liberty interest as he had been fined $5, Rindt's witness request was appropriately denied because it had only been partially completed and because the proffered testimony would have only been improper character evidence. HCF further argued the hearing officer's misstatement as to Rindt's witness request was harmless because Rindt's signed waiver indicated he never submitted a witness request. Finally, HCF argued there had been more than some evidence to support Rindt's conviction for possession of tobacco.

As to Rindt's first disciplinary case, the district court found Rindt had failed to establish the existence of any constitutional liberty interest because his sentences were only for disciplinary segregation and restriction time. Moreover, the district court found Rindt's petition to be moot as he had already served his punishment. Alternatively, the district court found there had been adequate due process given to Rindt and some evidence to support his conviction.

As to Rindt's second disciplinary case, the district court framed Rindt's argument as whether he was denied due process because he had not been allowed to call witnesses to testify. The district court found no due process violation because Rindt's request had not been specific enough and, even if Rindt had properly requested a specific witness, the proffered testimony of such a witness would have been improper character evidence. Finally, the district court concluded the record contained more than some evidence that

6

Rindt committed the violation. The district court dismissed Rindt's K.S.A. 60-1501 petition for failure to state a claim.

Rindt timely appeals.

DID THE DISTRICT COURT ERR IN DISMISSING RINDT'S K.S.A. 60-1501 PETITION?

To state a claim for relief under K.S.A. 2019 Supp. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists[,]" then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a). We exercise de novo review of a summary dismissal. 289 Kan. at 649.

Where the district court dismisses a K.S.A. 60-1501 petition after analyzing the merits, we review that decision to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *White v. Shipman*, 54 Kan. App. 2d 84, 88, 396 P.3d 1250 (2017).

*Analysis*

In his brief, Rindt argues the district court erred in denying his K.S.A. 60-1501 petition. Rindt seems to only specifically argue that he was not given a fair hearing in his second disciplinary case because he was not allowed to call witnesses to prove his theory that the chewing tobacco was not his. While no specific argument is made as to Rindt's first disciplinary case, the case is largely referenced throughout the entire facts section as

7

a basis for Rindt's alleged due process violation. Accordingly, we will address Rindt's claims as to both disciplinary cases.

A.     *Case 18-06-355 S*

First, Rindt claims that he was denied due process because he was not allowed to call witnesses or to confront his accuser. In considering due process violation claims, we apply a two-step analysis: (1) "whether the State has deprived an inmate of life, liberty, or property[,]" and (2) "[i]f there has been a deprivation of life, liberty, or property due to State action, . . . determine the extent and nature of the process due." *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

However, placement in disciplinary segregation or restriction time do not implicate due process rights, unless the inmate can establish how the punishment resulted in a significant and atypical hardship over and above his or her underlying sentence. See 37 Kan. App. 2d at 240; *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265, *rev. denied* 262 Kan. 962 (1997); *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959 (1997). As a result, the district court lacked jurisdiction to consider Rindt's claims regarding his first disciplinary case because the punishment he received was only disciplinary segregation and restriction time, neither of which involve the deprivation of some constitutionally protected interest. As Rindt fails to establish how this punishment resulted in a significant and atypical hardship over and above his underlying sentence, he cannot establish a protected liberty interest entitling him to judicial review. Thus, the district court correctly dismissed Rindt's claims concerning his first disciplinary case because it lacked jurisdiction to hear his claims.

Alternatively, even if we and the district court had jurisdiction to review Rindt's claims regarding his first disciplinary case, they are moot. Generally, we "do not decide moot questions or render advisory opinions." *State v. Montgomery*, 295 Kan. 837, Syl.

¶ 2, 286 P.3d 866 (2012). The test for mootness is "whether 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 295 Kan. at 840-41. The record establishes that by the time this appeal was filed, Rindt had served the entirety of his sentence for this case, so the controversy has ended. KDOC has no authority to punish Rindt any further. Moreover, this decision will not impact Rindt's future liberty or property interests. Because Rindt's appeal raises no concern of public importance or a justiciable controversy, the district court correctly dismissed Rindt's petition as being moot.

B.    *Case 18-06-356 S*

Next, Rindt argues he was denied due process in his second disciplinary case because he was not allowed to call any witnesses. The district court correctly noted, and HCF concedes, Rindt articulated an implicated liberty interest as he was fined $5. See *Washington*, 37 Kan. App. 2d at 240 ("[T]he extraction of a fine implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution even when only a small amount has been taken from an inmate's account."). Thus, we must determine the nature and extent of the process due to determine if there was a violation. 37 Kan. App. 2d at 240.

However, before we can review the second prong of the due process analysis, we must first determine whether the district court applied the appropriate standard in dismissing Rindt's petition. Specifically, the district court reached the merits of Rindt's claims concerning his second disciplinary case, and it relied on information provided with HCF's motion seeking to dismiss Rindt's petition.

If the district court considers matters outside the well-pleaded allegations of the inmate's petition—such as the material attached to HCF's motion to dismiss—the district

9

court is required to treat the motion to dismiss as a motion for summary judgment. Under those circumstances, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." K.S.A. 2019 Supp. 60-212(d); *Sperry v. McKune*, 305 Kan. 469, 481, 384 P.3d 1003 (2016). Thus, parties should comply with Supreme Court Rule 141 (2020 Kan. S. Ct. R. 205), and the district court should apply the summary judgment standard in ruling on the merits. *Sperry*, 305 Kan. at 481-82.

Supreme Court Rule 141 "requires statements of fact to be set out in separately numbered paragraphs, with documentation and record citations to support the factual statements. Supreme Court Rule 141(a). The opposing party may then controvert the facts, again with documentation and record citations. Supreme Court Rule 141(b)." *Sperry*, 305 Kan. at 481. Under K.S.A. 2019 Supp. 60-256(c)(2), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits or declarations show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Where a district court fails to rely on the appropriate standard in dismissing a petition, an appellate court will typically find error. See *Sperry*, 305 Kan. at 491-92. However, such error can be harmless if (1) the district court excluded from its consideration any matters outside those in the petition; (2) the additional material did not otherwise "infect" the district court's consideration; or (3) the subsequent filings allowed for the proper presentation of sufficient uncontroverted facts necessary to establish the movant's entitlement to relief. See *Rhoten v. Dickson*, 290 Kan. 92, 104-05, 223 P.3d 786 (2010).

In making its decision, the district court relied on the disciplinary record information attached to HCF's motion to dismiss. Thus, the district court erred in applying the motion to dismiss standard in K.S.A. 2019 Supp. 60-212(b)(6). Instead, it should have applied the summary judgment standard as required by K.S.A. 2019 Supp.

10

60-212(d). However, this error is harmless because HCF's subsequent filings allowed for the proper presentation of sufficient uncontroverted facts necessary to establish Rindt's entitlement to relief. As Rindt did not attach the entire disciplinary record to his petition or amended petition, his petition did not present enough uncontroverted facts—it only presented a small piece of the larger picture. HCF's additional filings properly presented sufficient uncontroverted facts necessary for the district court to make its finding. Thus, while the district court erred in applying the wrong standard, that error was harmless.

When we evaluate the second prong of the due process analysis—the nature and extent of the process due—

> "[t]he limited rights that a prisoner has in a prison disciplinary proceeding include '"an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence."' [Citations omitted.]" *Washington*, 37 Kan. App. 2d at 241.

Rindt only challenges that he did not have the opportunity to call witnesses.

While the hearing officer noted in his written report that Rindt did not file a witness request form, it is clear from the record he did. However, Rindt's request was denied because he failed to provide any specific names, instead only making vague references to several people who could attest to his good character. The only witness who testified at the hearing was the reporting officer. Photographic evidence of the tobacco contraband was also admitted as evidence.

K.A.R. 44-13-307(b)(1) and K.A.R. 44-13-403(n)(2) provide that an inmate's witness request may be denied if it is "clearly irrelevant or immaterial." K.A.R. 44-13-307(c) requires that a denial be documented and include the reason on the request. Only

11

relevant facts shall be relied upon by the hearing officer in deciding whether the inmate is guilty or innocent, and the hearing officer must "exercise diligence to admit reliable and relevant evidence and to refuse to admit irrelevant and unreliable evidence." K.A.R. 44-13-403(i), (j). An "accused inmate's correctional and supervision record shall not be considered" in rendering a verdict. K.A.R. 44-13-403(p). A hearing officer must balance the inmate's interest in calling a witness against the needs of the correctional facility, which include avoiding "irrelevant, immaterial, or unnecessary testimony" and "prompt, efficient, and effective resolution of the disciplinary case with accurate and complete fact-finding." K.A.R. 44-13-405a(a)(7), (13). A hearing officer is allowed broad discretion in denying a witness request, with the goal of conducting "the fact-finding process in a manner leading to the discovery of the truth." K.A.R. 44-13-405a(b).

Here, the hearing officer provided a written reason denying Rindt's witness request. The request did not provide names of any witnesses who could testify as to the facts of the incident, so the hearing officer could not issue specific subpoenas. Because Rindt did not provide the witnesses' names and simply noted the witnesses would be able to testify as to his good character, Rindt's request was irrelevant and immaterial on its face. Thus, the hearing officer was well within his discretion to deny Rindt's witness request. There was no due process violation, and the district court did not err in dismissing Rindt's K.S.A. 60-1501 petition.

Affirmed.

12