NOT DESIGNATED FOR PUBLICATION

No. 118,194

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN MANIS,
*Appellant*,

v.

JOE NORWOOD, JAMES HEIMGARTNER, and KENNETH MCGUIRE,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed May 25, 2018. Reversed with directions.

*Brian Manis*, appellant pro se.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellees.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM:  Brian Manis, an inmate at the El Dorado Correctional Facility (EDCF), appeals the district court's decision to summarily dismiss his K.S.A. 2016 Supp. 60-1501 habeas corpus action challenging administrative discipline imposed on him for violating prison rules. Manis contends the disciplinary hearing violated his due process rights in several respects. Because there is no evidence in the record to support the disciplinary officer's decision, we reverse with directions to vacate Manis' disciplinary violations.

1

Manis appeals two convictions for possessing contraband in violation of EDCF prison rules following an October 12, 2016 mass shakedown.

The facts alleged against Manis were described in a disciplinary report authored by EDCF Special Agent S. Galloway. The report stated that Unit Team Manager Richard English observed Manis discard something onto the floor while Manis sat at a table in the dayroom of the facility during the mass shakedown. As English pointed to the item under the table, Manis stood up and walked away. English and Unit Team Manager Moore recovered the item, which they discovered to be a hand-rolled cigarette that was burnt on one end, and which was described as containing a brown and green leafy botanical substance. The report stated that the incident was recorded on four video cameras in the facility. The substance later tested positive for synthetic cannabinoids, a controlled substance. Manis was charged with K.A.R. 44-12-901, possession of dangerous contraband, and K.A.R. 44-12-1001, for violating K.S.A. 2016 Supp. 21-5914, traffic in contraband in a correctional institution. He pled not guilty.

Manis' disciplinary hearing was held on October 20, 2016. A CSI officer, who was not identified in the hearing record, testified that he or she served the disciplinary report upon Manis and that Manis pled not guilty. Manis then testified. Manis testified that he "wasn't even at the table" but was walking away from the table when a couple of guys asked him what was on his shoe. Manis said he was trying to get the item off his shoe when English saw him. Next, Manis presented witness testimony from Scott Buchheit, another inmate. Buchheit testified that he saw something on the bottom of Manis' shoe and that "'English may have thought [Manis] threw it on [the] floor.'" Buchheit testified that he remembered telling Manis something was on Manis' shoe and that English came over when Manis tried to remove it.

Outside of Manis' presence, the hearing officer reviewed a videotape of the incident from a security camera. At the conclusion of the hearing, the hearing officer concluded that, by a preponderance of the evidence, Manis "was seen dropping item on floor," and that the reporting officer's disciplinary report stood as written. In the hearing report ultimately drafted by the hearing officer, the hearing officer summarized the contents of the video he or she reviewed outside Manis' presence:  "Viewed camera #Unit 27 #1 showed English and table. There was movement by table English walk[s] straight to table and picks up item on floor. [Inmate] Manis is standing up as English walk[s] to table." After finding Manis guilty, the hearing officer sanctioned Manis to 30 days of restriction and fined Manis $20 for each of the two charges.

Manis exhausted the administrative appeal process and then filed a K.S.A. 2016 Supp. 60-1501 petition in the Butler County District Court. Manis argued that his due process rights were violated because he was unable to adequately prepare for the case and to view the video camera footage of the incident. Manis also claimed there was no evidence to uphold the hearing officer's decision.

The district court summarily dismissed the petition. The court held that Manis received due process—he received proper notice of the charges and was allowed to present testimony and a witness in his defense at the disciplinary hearing—and the hearing officer reviewed the video evidence of the incident. The court noted that the disciplinary report indicated that a corrections officer observed Manis drop an item onto the ground, and two officers identified the item as a burnt hand-rolled cigarette where Manis was standing. The court noted that the hearing officer did not find Manis' explanation that the cigarette was stuck to his shoe to be credible and that was a determination best left to the trier of fact. The district court described the evidence as "very detailed, in writing, and confirmed orally by the reporting officer, not to mention the camera and chemical test results," and held that the evidence "far exceeds the minimal requirements" to meet due process. Manis filed a pro se appeal.

ANALYSIS

On appeal, Manis argues the district court erred in summarily dismissing his K.S.A. 2016 Supp. 60-1501 petition. Specifically, he argues: (1) There was no evidence to support his convictions; (2) the disciplinary report was not written within 48 hours of the incident, as mandated by K.A.R. 44-13-201; (3) the disciplinary hearing officer improperly denied his request to review the camera footage of the incident; and (4) the disciplinary hearing officer erred in denying his request for a continuance.

A habeas corpus action under K.S.A. 2017 Supp. 60-1501 challenges the conditions of an inmate's confinement. To avoid summary dismissal, the petition must allege facts that demonstrate either shocking and intolerable conduct or continuing mistreatment that violates constitutional protections. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). K.S.A. 2017 Supp. 60-1503(a) authorizes the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." Appellate courts review summary dismissals de novo. 289 Kan. at 649.

Manis' petition alleged several violations of his constitutional due process rights. An inmate has the burden of proof to make a successful claim of a constitutional violation. *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999). When an appellate court considers an inmate's claim of a due process violation, it applies a two-step analysis. The first step is to determine whether the inmate was deprived of life, liberty, or property. If the court determines there has been a deprivation of life, liberty, or property due to State action, the court then must determine the extent and nature of the process due. *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005).

In this case, Manis' penalty included a $20 fine for each of his two infractions, which implicates the Due Process Clause of the Fourteenth Amendment to the United

States Constitution. See *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997). Accordingly, we now must determine the nature and extent of the process due to Manis.

Manis claims he was deprived of due process in that the evidence at the hearing did not support the hearing officer's determination that English observed Manis in possession of contraband. In a habeas corpus proceeding brought by an inmate challenging a prison official's disciplinary action on the basis of insufficient evidence, a district court "is required to uphold such disciplinary action if there was 'some evidence' to support the prison hearing officer's determination that such a violation occurred." *Anderson*, 23 Kan. App. 2d 803, Syl. ¶ 5. A reviewing court need not examine the whole record, assess witness credibility, or weigh the evidence. *Washington v. Roberts*, 37 Kan. App. 2d 237, 246, 152 P.3d 660 (2007). Even meager evidence can support a disciplinary board's findings if "'the record is not so devoid of evidence that the findings . . . were without support or otherwise arbitrary.'" *Anderson*, 23 Kan. App. 2d at 808.

In support of his claim, Manis cites to *Rincon v. Schnurr*, No. 114,670, 2016 WL 3031284 (Kan. App. 2016) (unpublished opinion). Rincon was an inmate who was charged with violating prison rules for punching Gerald Speer, a civilian program supervisor. Corrections Officer T.L. Smothers, who did not observe the incident, wrote the disciplinary report after interviewing Speer. Rincon requested that Speer testify at his prison disciplinary hearing, but since Speer was not Kansas Department of Corrections (KDOC) staff, the hearing officer could not compel his presence. Instead, Smothers testified about the incident based on his interview with Speer, and the hearing officer read a notarized statement of Speer's account into the record. Rincon's objected to introduction of the notarized statement into evidence based on Speer's unavailability. 2016 WL 3031284, at *1. The hearing officer overruled the objection and found Rincon guilty.

Rincon petitioned for habeas corpus under K.S.A. 60-1501, arguing that there was no admissible evidence to establish that Rincon punched Speer. A panel of this court agreed. The court held that the Smothers' testimony could not be admitted for the purpose of establishing what Speer witnessed. 2016 WL 3031284, at *5. The court also held that Speer's unsworn notarized statement was not evidence on which the hearing officer could rely because the regulations permit only sworn affidavit statements. 2016 WL 3031284, at *5; see K.A.R. 44-13-405a(d). Because Smothers' testimony and the notarized statement were the only evidence of what Speer witnessed, this court reversed the district court. 2016 WL 3031284, at *5.

In this case, neither English nor Moore—the only officers who were present at the shakedown—testified at the disciplinary hearing. Only one unidentified CSI officer testified at the hearing and that officer only testified to the fact that he or she delivered the disciplinary report to Manis after the incident and that Manis pled not guilty. It does not appear from the hearing record that Galloway testified or that the disciplinary report he or she authored was read into the record. And even if Galloway had testified about the contents of the disciplinary report, Galloway did not witness the incident. Like in *Rincon*, Galloway's report of what English observed cannot substitute for English's testimony. See 2016 WL 3031284, at *5 ("[T]he testimony and report of Smothers could not have been admitted for the purpose of establishing what Speer witnessed. Smothers' account simply passed along an unsworn version of events from Speer.").

Unlike in *Rincon*, the hearing officer in this case also reviewed video evidence from a security camera that recorded the incident. The hearing officer then drafted a summary of what he or she reviewed in the video and included that summary into the hearing report. The summary stated that "[t]here was movement by [the] table," English walked directly to the table and picked up an item on the floor, and Manis stood up as English walked toward the table. But the video itself is not in the record so this court cannot review whether it supports the hearing officer's summary. And there is no way to

tell from the video summary's descriptive narrative of the events what English personally observed without his or her testimony. In other words, there is no testimony or other evidence that Manis "was seen dropping item on floor," as the hearing officer found.

The KDOC violated Manis' due process rights by finding a disciplinary violation and imposing punishment without any evidence to support such violation. Accordingly, we reverse the district court's summary dismissal of Manis' K.S.A. 2016 Supp. 60-1501 petition and direct the KDOC to vacate the disciplinary violations.

Because we have directed the KDOC to vacate the disciplinary violations convictions based on insufficiency of the evidence, the balance of Manis' remaining due-process claims are moot.

Reversed with directions.