NOT DESIGNATED FOR PUBLICATION

No. 118,889

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NOBLE JOHNSON,
*Appellant*,

v.

PRISONER REVIEW BOARD,
*Appellee.*

MEMORANDUM OPINION

Appeal from Labette District Court; JEFFRY L. JACK, judge. Opinion filed September 7, 2018. Affirmed.

*Lucas J. Nodine*, of Nodine Legal, LLC, of Parsons, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM:  Noble Johnson appeals the dismissal of his K.S.A. 60-1501 petition by the Labette County District Court. That court denied Johnson's plea for habeas corpus relief arising from the most recent decision of the Prisoner Review Board (Board) on his request for parole. We find no error by the district court and affirm.

FACTS AND PROCEDURAL BACKGROUND

In 1976, a jury convicted Johnson of two counts of first-degree murder. The district court sentenced Johnson to two consecutive life sentences, and he became eligible

1

for parole in 1990. He has appeared before the Board numerous times since then and each time the Board has refused parole. Johnson most recently went before the Board in February 2017, when the Board, after stating it had considered all statutory factors, again denied parole and decided to pass any further consideration to May 2022. The Board's reasons for passing were the serious nature and circumstances of the crime, the violent nature of the crime, and Johnson's history of criminal activities. The Board's reason for extending the pass to five years was: "it is not reasonable to expect that parole would be granted at a hearing if held before then for the following reasons: [Johnson] has not demonstrated behavioral insights necessary to decrease his risk to re-offend."

Johnson then filed a petition for writ of habeas corpus in the district court, pursuant to K.S.A. 2017 Supp. 60-1501. He stated that at his parole hearing he "expressed his sincere remorse for the crimes he had committed when he was alot younger and explained to the members of the Board that he was not attempting to minimize his involvement; although he was high on drugs, etc." He also stated that "[c]ertain facts came out at the hearing that [he] could not remember then, and certainly not now forty-two (42 years) after the crime so the Board felt as if [he] was denying insight into the behavior that influenced his mindset." Johnson cited positive statements from several prison staff members who stated he was courteous, abides by the rules, and participates in behavioral groups. Johnson also included a list of numerous programs he had successfully completed or participated in while incarcerated and noted that his score on the LSI-R showed a low risk for reoffending. Johnson also attacked the results of his clinical services report (CSR), which classified him at high risk of reoffending, by arguing it utilized racially discriminatory factors and placed a heavy emphasis on static conditions that could not reflect changes over time. He also asserted the CSR was invalid because it had "never been validated for use in a population similar to that of Kansas' life-time prisoners."

2

The district court summarily dismissed Johnson's petition, finding "Johnson fail[ed] to specify any procedures that the Board failed to follow." The court noted that Johnson's arguments "go to the weight of the evidence before the Board, not the procedures the Board followed in making its decision."

Johnson timely appeals.

ANALYSIS

Johnson presents two issues in support of his claim the district court improperly dismissed his petition: (1) The district court should not have summarily disposed of the petition when it was presented with an allegation that a testing instrument was invalid; and (2) his inability to remember facts should not be considered as a lack of behavioral insight for an extended pass.

*Standard of review*

Our review of the summary dismissal of a K.S.A. 60-1501 petition requires that we adopt certain assumptions:

> "In reviewing a trial court's order dismissing a petition for failure to state a claim upon which relief can be granted, an appellate court is required to accept the facts alleged by the plaintiff as true. The court must determine whether the alleged facts and all their inferences state a claim, not only on the theories set forth by the plaintiff, but on any possible theory. [Citation omitted]." *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

A claimant, however, if he or she is to avoid summary dismissal of a K.S.A. 60-1501 petition, must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

3

Specific to Johnson's claims, we note:

"A habeas corpus action is the appropriate procedure for reviewing decisions of the parole board. However, because parole is a privilege, a matter of grace exercised by the [Board], this court's review of the denial of parole is limited to whether the [Board] complied with applicable statutes and whether its action was arbitrary and capricious. [Citation omitted.]" *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994).

At each parole hearing, the Board must consider:

"all pertinent information regarding such inmate, including, but not limited to, the circumstances of the offense of the inmate; the presentence report; the previous social history and criminal record of the inmate; the conduct, employment, and attitude of the inmate in prison; the reports of such physical and mental examinations as have been made, including, but not limited to, risk factors revealed by any risk assessment of the inmate; comments of the victim and the victim's family including in person comments, contemporaneous comments and prerecorded comments made by any technological means; comments of the public; official comments; any recommendation by the staff of the facility where the inmate is incarcerated; proportionality of the time the inmate has served to the sentence a person would receive under the Kansas sentencing guidelines for the conduct that resulted in the inmate's incarceration; and capacity of state correctional institutions." K.S.A. 2017 Supp. 22-3717(h)(2).

*Alleged invalidity of CSR assessment*

Johnson argues the district court impermissibly reweighed evidence when it rejected his claim regarding the CSR. He characterizes the district court's opinion as finding that, even without the CSR, the Board had other factors sufficient to deny parole. Johnson asserts that if the district court may not reweigh evidence, it stands to reason that prohibition extends to "reweigh[ing] the evidence to benefit the [Board]."

4

We fail to see any indication the district court reweighed the evidence before the Board, either in favor of or against either party. In fact, the district court recognized Johnson's claim that the Board's hearing was a "sham because the outcome was predetermined" and the evidence Johnson thought should have been persuasive— favorable staff comments, program completion and recognition, the comparative length of his sentence, and his claim about the unreliability of the CSR risk-assessment tool. But Johnson contends since the district court found the reliability of the CSR was a question of weight given to that evidence by the Board, "it is necessary that the district court concluded that the [Board] afforded some weight to the CSR."

We disagree. The district court's acknowledgment of Johnson's evidence and argument before the Board and its statement that it was not permitted to second-guess the Board's consideration of that evidence, reveals no particular conclusion by the district court about what the Board thought of the CSR invalidity claim. Johnson's petition offers various conclusory statements about the CSR and it may be that the Board gave that assessment no weight whatsoever. On the other hand, the Board may have accepted Johnson's claim that the CSR was flawed and should be disregarded yet concluded "the serious nature and circumstances of the crime, the violent nature of the crime, and Johnson's history of criminal activities" simply outweighed the other evidence. The district court properly avoided reweighing the evidence, despite Johnson's implicit invitation to do so.

*Lack of memory*

Johnson next argues his inability to remember facts does not constitute a lack of behavioral insight to support an extended pass for review of his parole request. In a highly convoluted argument, Johnson contends: (a) "certain facts"—which are unspecified—"came out at the hearing" and he could not remember them; (b) "so the Board felt as if [he] was denying insight into the behavior that influenced his mindset";

5

(c) the Board's answer and motion to dismiss his petition failed to deny Johnson's allegation "that their basis for the extended pass was [his] failure to recollect these certain facts"; and (d) since the district court must accept alleged facts as true, the district court was bound to accept the Board decided on an extended pass because of Johnson's lack of memory.

Johnson confuses accepting an alleged fact as true—the fact he could not remember—and accepting his speculation about the Board's reasoning as true. We assume the alleged fact is true, but we are prohibited from joining in his speculation about the Board's rationale. Since Johnson's entire second issue is premised on his unsupported conclusion that the Board founded its extended pass decision on his poor recall, we find no merit in his argument.

*Conclusion*

Johnson presents nothing that shows, or even specifically alleges, how the Board failed to comply with the applicable statutes. Further, nothing beyond Johnson's unsupported conclusions supports his claim the Board was arbitrary or capricious in reaching its decision. The Board stated it considered the statutory factors and gave its reason for the extended pass. We find no error in the district court's decision.

Affirmed.