NOT DESIGNATED FOR PUBLICATION

No. 119,106

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM R. HOLT,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed November 9, 2018. Affirmed.

*Richard C. Paugh*, of Pate & Paugh, LLC, of Wichita, for appellant.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and ROBERT J. FREDERICK, District Judge, assigned.

PER CURIAM: William R. Holt, an inmate at the El Dorado Correctional Facility (EDCF), filed a K.S.A. 60-1501 petition against James Heimgartner, the warden of EDCF, in the Butler County District Court after exhausting his administrative remedies in the prison grievance system. Holt appeals from the trial court's decision dismissing his K.S.A. 60-1501 petition for failure to state a claim that would entitle him to relief. After reviewing the petition and documents in the record, we conclude that the petition was properly dismissed for failing to state a claim.

1

On March 20, 2017, Holt filed an inmate grievance complaint in which he stated that EDCF employees were violating his right to equal protection and due process of the law and were subjecting him to cruel and unusual punishment. Holt alleged that the prison staff was violating his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Specifically, he complained that on March 17, 2017, an EDCF employee told him he "would be held on level '0' and maintained on max security as well as all good time withheld for my refusal in June of 2016 to complete RDU mental health testing." Holt alleged that the prison staff was illegally withholding his good time, and he claimed he had a liberty interest in being promoted to level I and had the potential to earn good time credit. He further argued that he should not have been precluded from receiving good time for his refusal to complete "RDU mental health testing" in June 2016. He also maintained that the prison staff was violating his right to access to the court without explaining how that right was being violated. On March 22, 2017, Holt filed another inmate grievance complaint in which he again complained about the withholding of good time credits.

A unit team member, Richard English, responded to the initial grievance on March 28, 2017. He stated that he "looked into this matter and [Holt] will be allowed to complete the RDU process as we discussed." He stated that he would keep Holt notified of the process. That same day, English also responded to Holt's second inmate grievance complaint, stating that it violated the grievance procedure because Holt stated that it was a duplicate grievance. Holt responded that he was not satisfied with the unit team response to either grievance and wished to forward his grievances to the warden's office. The warden's office received the response to the first grievance on March 29, 2017, and the second grievance on April 5, 2017.

At some point, English provided an addendum response to Holt's grievance about the RDU process and earning good time. In it, English explained that Holt refused the

RDU process in June 2016, which meant he was not allowed to earn good time credit. Then Holt was also told that he would remain on level 0 and remain in maximum custody until he completed the RDU process. English explained that the Department of Corrections withheld 138 days of good time for this refusal. English also stated that Holt's signing the RDU process "'under duress' negates Corizion's ability to release any information to the Department of Corrections."

On April 10, 2017, Heimgartner reviewed Holt's complaint, as well as some information provided by an EDCF employee. Based on his review, Heimgartner determined that no further action was necessary for Holt's grievances. On April 13, 2017, Holt filed an appeal to the Secretary of Corrections.

On April 17, 2017, the designee of the Secretary of Corrections filed a response on appeal to Holt's grievances. The designee determined that the response rendered by staff at EDCF was appropriate and no further action should be taken.

On May 9, 2017, Holt filed a petition for writ of habeas corpus under K.S.A. 60-1501, alleging that he was unlawfully deprived of his liberty by Heimgartner as the warden of EDCF. Holt raised two issues in his petition. He argued that the Secretary of Corrections and the warden were violating his First Amendment right to privacy or his right to equal protection and due process. He also argued that the warden was denying him his right of access to the courts by refusing to copy or to mail meaningful legal documents and causing legal documents to be destroyed.

On August 23, 2017, the trial court issued an amended writ of habeas corpus, directing Heimgartner to answer. On October 23, 2017, Heimgartner filed an answer and motion for summary dismissal of the K.S.A. 60-1501 petition. Citing *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 8, 24 P.3d 128 (2001), Heimgartner argued that the law was clear that a prisoner has no protected liberty interest

3

in future good time credits that have not been earned yet. Heimgartner maintained that Holt failed to state a claim and that the trial court should summarily dismiss the petition.

On November 14, 2017, the trial court granted Heimgartner's motion to dismiss Holt's petition for writ of habeas corpus. The trial court agreed with Heimgartner that Holt's complaint was about the loss of future good time and not the forfeiting of good time already earned. Moreover, the trial court found that custody classifications, handling of inmate funds, housing, and security levels were matters within the control of prison authorities and not the courts. In addition, the trial court concluded that Holt had failed to show that his issues concerned anything atypical of the normal incidents of prison life or internal discipline. And the trial court concluded that no violation of Holt's liberty interest had occurred and that no evidence existed that Holt had been denied access to the courts.

Holt timely filed a notice of appeal.

Holt argues that the trial court erred in dismissing his K.S.A. 60-1501 petition for failing to state a claim that would entitle him to relief. To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional nature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). If, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in the record, it seems, as a matter of law, no cause for granting a writ exists, then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a). We exercise unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649. When reviewing a trial court's order dismissing a petition for failure to state a claim, we must accept the facts alleged in the petition as true. *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008).

4

The trial court determined that Holt's petition alleged no actual due process violation. To determine whether an inmate received the protections of due process, this court applies a two-step analysis, first determining whether the State has deprived the inmate of life, liberty, or property. If this first step is met, the second step is to determine the extent and nature of the process to which the prisoner is entitled. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007) (citing *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 [2005]). Whether an inmate's right to procedural due process has been violated is subject to unlimited review. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 4; *Swafford v. McKune*, 46 Kan. App. 2d 325, 328, 263 P.3d 791 (2011).

On appeal, Holt admits that caselaw supports the trial court's ruling that he had no liberty interest in good time credits he had not earned. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. at 628. Heimgartner argues that Holt is not entitled to relief on appeal because he admits that the lost time was future good time not yet earned and he acknowledges that legal authority supports the trial court's ruling:  that when an offender fails to earn future good time, as opposed to forfeiting good time already earned, no protected liberty interest arises.

Holt maintains that although he had no right to due process in forfeiting good time not yet earned, he "had to choose between his Right to Privacy under the First Amendment of the U.S. Constitution and the right to be treated equally as other prisoner[s] housed with the Kansas Department of Corrections." But he does not state how this entitles him to relief under K.S.A. 60-1501. The remainder of Holt's argument contains factual allegations that have no citation to or support from the record on appeal. Moreover, his argument on this issue ends in the middle of a sentence. Because none of Holt's allegations include a denial of life, liberty, or property, the trial court properly dismissed his petition for failure to state a claim.

Holt's second argument on appeal concerns his allegation that he was denied access to the courts. Holt maintains that the trial court erred in dismissing his petition on this claim because if the court had accepted the allegations in his petition as true, which the trial court was required to do at the dismissal stage, his petition stated a claim that would have entitled him to relief. Heimgartner argues that the trial court properly dismissed Holt's claim about access to the courts because he provided no evidence that he was denied access to the courts and the allegations in his petition were not atypical to the normal incidents of prison life.

In his K.S.A. 60-1501 petition, Holt alleged that prison employees denied him his right to access the courts by "refusing to mail the petitioner meaningful legal documents by debiting the cost to his account or copy meaningful legal documents related to his [W]yandotte [C]ounty criminal appeal or injury claims happening in [S]eptember of 2015 while at work." Holt also argued that when he arrived at EDCF, he was not allowed to bring certain legal documents related to his Missouri case, and those documents were "sent back," which he alleged meant they would be destroyed.

The trial court denied Holt's claims regarding access to the courts by stating that no evidence existed to support the claim that he was denied access. Specifically, the trial court found the fact that he filed this K.S.A. 60-1501 petition and had appealed his conviction were "prime examples of appropriate access."

In *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), the United States Supreme Court established "beyond doubt that prisoners have a constitutional right of access to the courts." The Court went on to state:

> "[O]ur decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents

6

with notarial services to authenticate them, and with stamps to mail them." 430 U.S. at 824-25.

On appeal, Holt alleges that he suffered an actual injury when documents related to his "pending Missouri case were sent back to Wyandotte County instead of being allowed as [his] personal property." He claimed he needed those documents to help with his defense. He also alleged that he had to sell his food to pay for the cost of postage and for legal copies related to this case and others.

As Holt's only mention of denial of access to the courts was a conclusory statement in his initial grievance, prison officials never addressed this complaint during the grievance process. And although he appears to claim in his K.S.A. 60-1501 petition that he was denied access to his personal legal documents and denied postage for mailing legal documents, he did not make those allegations in his current grievances. The documents about his alleged denial of postage that he attached to his K.S.A. 60-1501 petition seem to have been from a different grievance decided in 2016. Therefore, those issues were not timely appealed by the filing of this K.S.A. 60-1501 petition. See K.S.A. 2017 Supp. 60-1501(b). Thus, we conclude that the trial court properly dismissed Holt's petition for failure to state a claim that would have entitled him to relief.

Affirmed.