NOT DESIGNATED FOR PUBLICATION

No. 121,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER GUILBEAUX,
*Appellant*,

v.

PAUL SNYDER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, senior judge. Opinion filed November 8, 2019. Affirmed.

*Chris J. Pate*, of Pate & Paugh, LLC, of Wichita, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: Christopher Guilbeaux appeals the district court's summary dismissal of his writ of habeas corpus filed under K.S.A. 60-1501, claiming the district court erred in finding no violations of Guilbeaux's due process rights. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Guilbeaux is an inmate at the El Dorado Correctional Facility. On May 15, 2018, he received a disciplinary report for disobeying orders and avoiding an officer. The next

1

day prison officials served Guilbeaux with the report and a summons to appear at a hearing to be held on May 23. But the hearing was not held until May 30. Guilbeaux sought to dismiss the disciplinary report against him on the grounds that the prison officials violated K.A.R. 44-13-401(a) and (b). The hearing officer denied Guilbeaux's motion, pointing to a sign on her desk that indicated no disciplinary report would be dismissed for a violation of regulatory time requirements. At the hearing, Guilbeaux was found guilty and fined $10 for each offense—for a total fine of $20.

Guilbeaux appealed the decision to the Secretary of the Department of Corrections, who denied the appeal.

Guilbeaux then filed a petition for a writ of habeas corpus in the district court, alleging he was wrongly deprived of $20 and 31 days of good time credit because the hearing officer subjected him to double jeopardy and violated his due process rights. Guilbeaux claimed his due process rights were violated because he did not receive 24 hours' notice of the hearing, the hearing was held more than 7 days after the service of the disciplinary report, and the hearing officer was biased.

The district court summarily denied Guilbeaux's petition and made five findings: (1) Any violation of the prison's time-limit regulations, standing alone, was not enough to violate due process; (2) Guilbeaux had failed to show any prejudice arising from the violations; (3) Guilbeaux's personal opinion was not enough to show that the hearing officer was biased; (4) Guilbeaux had not been subjected to double jeopardy because he had been prosecuted for two different crimes at the same time, not the same crime at different times; and (5) nothing in the prison record showed that prison authorities had withheld 31 days of good time credit from Guilbeaux.

Guilbeaux timely appeals.

DID THE DISTRICT COURT ERR IN SUMMARILY DENYING

GUILBEAUX'S K.S.A. 60-1501 PETITION?


On appeal, Guilbeaux argues that the district court erred when it summarily denied his petition for a writ of habeas corpus, claiming that prison officials violated his due process rights by violating the prison's administrative regulations in three ways: (1) not holding a hearing within 7 days of service of the disciplinary report; (2) not providing Guilbeaux with 24 hours' notice of the hearing; and (3) subjecting him to a hearing in front of a biased hearing officer.

*Standard of Review*

We review a district court's summary dismissal of a petition for a writ of habeas corpus de novo. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). When reviewing a summary dismissal by the district court, we accept all facts alleged in the petition, and any reasonable inferences drawn from them, as true and must determine whether those facts and reasonable inferences can state a claim for relief. *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). We are not limited to considering the theory argued by the plaintiff, but are to consider "any possible theory" supported by the facts. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

*Analysis*

An inmate may file a petition for a writ of habeas corpus in the district court challenging the conditions of his confinement. K.S.A. 2018 Supp. 60-1501(a). Before doing so, the inmate must exhaust all available administrative remedies. K.S.A. 75-52,138.

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. Shocking and intolerable conduct "derives from the Fourteenth Amendment to the United States Constitution, which prohibits the states from depriving persons of 'life, liberty, or property, without due process of law.'" 289 Kan. at 649. A district court grants summary dismissal "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49. The inmate claiming a violation of his constitutional rights bears the burden of proof. *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *cert. denied* 522 U.S. 958 (1997).

To determine if a due process violation occurred, we first "analyze whether the State has deprived the petitioner of life, liberty, or property. If so, [we] next determine[] the extent and the nature of the process due." *Johnson*, 289 Kan. at 649. Any consideration of what process is due must include the "'precise nature of the government function involved as well as of the private interest that has been affected by the governmental action.'" *Wolff v. McDonnell*, 418 U.S. 539, 560, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

Guilbeaux alleges two constitutional deprivations. First, Guilbeaux alleges the hearing officer fined him $20 for his violations. A fine implicates an inmate's property interest "even when only a small amount has been taken." *Washington*, 37 Kan. App. 2d at 240. Second, Guilbeaux alleges prison authorities deprived him of 31 days of earned good time credits. The removal of earned good time credits also implicates a protected liberty interest. See *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). While neither party disputes Guilbeaux's claim that the hearing officer fined him $20, the district court could not find anything in the record to indicate

4

Guilbeaux's loss of good time credit, and the hearing officer's disposition mentions only the $20 fine as a sanction. As Guilbeaux admits the record is unclear on this point and offers no additional support for his claim of lost earned good time credit, we only consider the $20 fine as Guilbeaux's property deprivation.

In a disciplinary hearing, inmates possess certain procedural rights, including the right to "an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence. *Wolff*, 418 U.S. at 563-66." *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001).

Guilbeaux argues that prison officials did not follow three administrative regulations. First, he claims the disciplinary hearing was not held within seven days of the service of his disciplinary report, in violation of K.A.R. 44-13-401(a). Second, Guilbeaux claims he was not given 24 hours' notice before his disciplinary hearing was held, in violation of K.A.R. 44-13-401(b). Third, Guilbeaux claims his hearing officer was not impartial, in violation of K.A.R. 44-13-101(c)(1).

Other panels of our court have held that

"[t]he mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition habeas corpus alleging procedural errors at a prison disciplinary hearing must fail. As a general rule, prison officials are given flexibility in executing internal prison policies and procedures . . . designed to preserve internal order and discipline." *Anderson*, 23 Kan. App. 2d at 811.

See also *Logan v. Pryor*, No. 114,974, 2016 WL 4161379, at *3 (Kan. App. 2016) (unpublished opinion) (disciplinary board's failure to hold hearing over month after

service of disciplinary report did not violate due process because due process must be flexible to "'time, place, and circumstances'"); *Kling v. Cline*, No. 113,519, 2015 WL 7192052, at *7 (Kan. App. 2015) (unpublished opinion) (inmate not served with second summons after hearing moved to later date was harmless error because "there is no reasonable possibility that the error affected the outcome of the disciplinary hearing").

Guilbeaux concedes that violations of the administrative regulations cannot establish a due process claim. To save his due process claim, he argues the hearing officer and the prison have a stated policy never to dismiss any charges based on a violation of the time limits and that such a blanket policy violates due process. Guilbeaux bases his argument on his assertion that when he asked for a dismissal based on the time violation, the hearing officer pointed to a sign on her desk that indicated that no disciplinary actions would be dismissed for time violations.

"'As a general rule, if there is no constitutional defect in the application of [the] statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.'" *Johnson*, 289 Kan. at 651. Even accepting Guilbeaux's assertion of this policy as true, Guilbeaux cannot challenge the policy because his own due process rights were not violated. Because Guilbeaux concedes the violations of the administrative regulations do not establish any due process violations, his challenge to the alleged policy for violating others' due process rights lacks merit.

Guilbeaux's final argument is that the hearing officer was not impartial because she told him she would reject his argument before even hearing it.

"[A]n impartial decisionmaker is a fundamental requirement of due process . . . . [D]ue process is satisfied if [no hearing officer] has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in

6

the case." *Wolff*, 418 U.S. at 592 (Marshall, J., concurring in part and dissenting in part). But Guilbeaux does not allege that the hearing officer was involved in the investigation, prepared any reports, or was a witness at the hearing. Instead, Guilbeaux makes the bare assertion that the hearing officer was biased but alleges no facts—except the hearing officer's policy to deny all motions to dismiss based on time violations—that show the hearing officer failed to act impartially. Guilbeaux's mere allegation that the hearing officer had a policy that harmed him is not evidence that the hearing officer acted with bias. See *Swafford v. McKune*, 46 Kan. App. 2d 325, 329, 263 P.3d 791 (2011), *rev. denied* 294 Kan. 948 (2012). Even if we assume the hearing officer denied Guilbeaux's motion to dismiss based on a written policy, Guilbeaux's argument still fails because due process did not require the hearing officer to comply with the time limit administrative regulations. See *Anderson*, 23 Kan. App. 2d at 811.

Accepting the factual allegations in Guilbeaux's petition as true, the hearing officer and prison officials violated several administrative regulations. However, violations of administrative regulations, without more, cannot establish a claim under the Due Process Clause. While Guilbeaux alleges the existence of a policy to deny all motions to dismiss based on time requirement violations, Guilbeaux has failed to sustain his burden to show shocking and intolerable conduct or continuing mistreatment of a constitutional stature. The district court did not err in summarily denying Guilbeaux's petition for a writ of habeas corpus.

Affirmed.